### 3620. HARDAWAY *v.* CITY OF ATLANTA.

Where a certiorari attacks the finding of the recorder of a municipal court on the sole ground that it was without any evidence to support it, and, on the hearing of the certiorari, this finding is approved by the judge of the superior court, and it appears that there was some evidence to support the finding of the recorder, this court will not interfere.

DECIDED OCTOBER 10, 1911.

Certiorari; from Fulton superior court—Judge Pendleton. May 17, 1911.

*Burton Cloud,* for plaintiff in error.

*J. L. Mayson, W. D. Ellis Jr.,* contra.

HILL, C. J. Hardaway was convicted in the recorder's court for violating what is commonly known as the "traveling blind tiger" ordinance, and on certiorari his conviction was sustained. The question presented is only one of fact—Is there any evidence to sustain the finding of the recorder?

Substantially stated, the evidence is as follows: Hardaway was seen by a policeman of the city of Atlanta to deliver a bottle to a white man on a stairway at No. 60½ Decatur street. He was also seen by another officer to deliver "something" to another white man in an alley around the corner from 60½ Decatur street, and the white man passed "something" back to him. When arrested and searched, 8½ pints of whisky were found on his person. No objection was made to the legality of this evidence. The accused in his statement explained the possession of the whisky by stating that he had bought 12½ pints of whisky from a "fellow" Saturday night for $3; that when he was "turned out" on Sunday morning he went to get his whisky, where he had left it, at 60½ Decatur street, and he gave the white man a "match," and did not sell to any man on the stairway or in the alley any whisky. The whisky found on the person of the accused was rye and corn whisky. The officers testified that the accused tried to avoid them. This was all the material evidence, and, while we can not say that

it is conclusive of guilt, yet there were certainly circumstances which raised more than a bare suspicion of guilt, and from which the recorder was warranted in inferring that the accused had violated the "traveling blind tiger" ordinance.

According to the statement of the accused, he had bought, on the Saturday before, 12½ pints of whisky. When he was arrested he had only 8½ pints on his person. He was seen to deliver a bottle to a white man on the stairway at 60½ Decatur street, where he says he left the whisky. It is not unreasonable to presume that this was a bottle of whisky, and that he was not presenting it as a gift to the white man. Going around the corner, he was again seen to give "something" to another white man, and to receive in exchange "something" from the white man. It is reasonable to assume that this "something" was a bottle of whisky, and that the "something" given by the white man to the accused was money for the whisky. He was well equipped in the assortment of his supplies to gratify the taste of traveling customers. He had both corn and rye whisky. He also had it in half pints, a quantity that probably would satisfy the thirst of any chance customer; and besides, according to the testimony of the patrolman, his movements indicated that he was endeavoring to avoid the officers. These facts, taken all together, may have been susceptible of explanation consistent with the innocence of the accused, but this was a matter for determination by the recorder; and, since he saw the witnesses and heard their testimony and the explanation of the accused, he was in a much better position to judge of the probative value of the evidence than this court.

*Judgment affirmed.*