## 4891. FLETCHER v. THE STATE.

1. "On the trial of an accusation of selling intoxicating liquors, where the defense relied upon is that the accused had no interest whatever in the sale, but acted therein simply as agent for the purchaser, the burden is on the accused to prove how, when, and from whom he obtained the liquor; and until this is done to the satisfaction of the jury the burden is not carried."
2. Where such a defense is relied on, the jury are authorized to convict· if the evidence warrants the inference that the defense is a mere subterfuge, and that the accused was himself the seller, or interested in the sale otherwise than as agent for the purchaser.

DECIDED JUNE 10, 1913.

Indictment for sale of liquor; from Cobb superior court—Judge Patterson. March 28, 1913.

*Mozley & Moss,* for plaintiff in error.

*Herbert Clay, solicitor-general,* contra.

POTTLE, J. The State offered testimony that the accused was given money, went away, and returned with whisky, which he delivered to the State's witness. This made a prima facie case of guilt. *Cheatwood* v. *Buchanan,* 9 *Ga. App.* 828 (72 S. E. 284); *McGovern* v. *State,* 11 *Ga. App.* 267 (74 S. E. 1101). Where such a prima facie case is made out, the burden is on the accused to show "how, when, and from whom he obtained the liquor." If the State relies only upon the prima facie case then made, and the evidence for the accused demands a finding that he was acting solely as the buyer's agent and was not otherwise interested in the sale, his conviction is not authorized. *Allen* v. *State,* 11 *Ga. App.* 245 (75 S. E. 11). But if the evidence or the prisoner's statement justifies the inference that the defense is a mere subterfuge and the

accused was the seller, or interested therein otherwise than as agent for the buyer, he can be convicted. *Cheatwood* v. *Buchanan,* supra; *Stewart* v. *State,* 10 *Ga. App.* 215 (73 S. E. 34). One Carnes testified that he and the accused went to a place known as "Happy Flat, down back of the old Glover foundry, to a negro house," and that the accused bought the whisky from this negro. The negro's name is not given, nor is he otherwise identified. The accused said in his statement that he and Carnes went up the railroad track and met a negro, who said he had some whisky with him, and that the purchase was made from the negro then and there. It may be doubted whether Carnes's testimony, standing alone, would have demanded an acquittal; for he failed either to tell the negro's name or to give any reason for failing to do so. But when his evidence is considered in the light of the statement, the jury were well warranted in finding that the defense was a mere subterfuge. There was too much discrepancy between the testimony of the defendant's witness and his own statement,—enough to warrant the jury in disregarding both and convicting the accused upon the prima facie case made by the State.                  *Judgment affirmed.*