## 5720. BURLEY v. CITY OF ATLANTA.

WADE, J. Where a petition for certiorari attacks the judgment of the recorder of a municipal court solely on account of the insufficiency of the evidence, and his finding is approved by the judge of the superior court, this court will not reverse the judgment, where there is some evidence, although slight, which supports the finding of the recorder. *Hardaway* v. *Atlanta*, 9 *Ga. App.* 837 (72 S. E. 304) ; *Kaylor* v. *Carrollton*, 13 *Ga. App.* 79 (78 S. E. 827).

*Judgment affirmed. Roan, J., absent.*
DECIDED JULY 21, 1914.

Certiorari; from Fulton superior court—Judge Bell. March 17, 1914.

*Thomas E. Scott,* for plaintiff in error.

*J. L. Mayson, W. D. Ellis Jr.,* contra.

---

## 5736. BUTTS v. THE STATE.

RUSSELL, C. J. No error of law is complained of, and though the evidence largely preponderates in favor of the defendant's innocence, the credibility of the witnesses was a matter addressed solely to the discretion of the trial jury, and the exercise of this prerogative of the jury is not subject to review. *Jolly* v. *State*, 5 *Ga. App.* 454 (63 S. E. 520). Even the probability that the sale was incomplete, upon the principle announced in *Decker* v. *Gwinn*, 95 *Ga.* 518 (20 S. E. 240), was eliminated by the testimony of the prosecutor, as well as by the fact that the theory that the sale was incomplete because of the agreement that the purchase-price should be paid in advance of getting the whisky is flatly contradicted by the defendant in his statement in his own behalf, in which he said that the prosecuting witness stole the whisky.

*Judgment affirmed. Roan, J., absent.*
DECIDED JULY 21, 1914.

Accusation of sale of liquor; from city court of Sandersville—Judge Jordan. April 28, 1914.

*M. L. Gross,* for plaintiff in error.

*J. E. Hyman, solicitor,* contra.