6194. SIMPSON v. MAYOR AND COUNCIL OF EASTMAN.

WADE, J. 1. On a trial in a municipal court for the violation of a city ordinance prohibiting the keeping of intoxicating liquors for sale, there was evidence that a certain person gave the defendant 75 cents, went off, and a few minutes later received from him a pint of whisky. This authorized the inference that he sold the whisky and was keeping whisky for sale. *Langston* v. *City of Hazlehurst*, 9 *Ga. App.* 449. (3) (71 S. E. 592); *Gaskins* v. *State*, 127 *Ga.* 51 (55 S. E. 1045). The statement of the accused that he acted merely as agent for the purchaser, and obtained the whisky for him from another person mentioned, did not require a finding that this inference was rebutted. *Langston* v. *City of Hazlehurst*, supra. There was testimony to the effect that he was seen talking with a "brown-skinned negro," dressed in a manner described, who handed him "something that looked like a bottle of whisky," but it was not testified that he paid this person for it, or bought it. The judgment finding him guilty was authorized by the evidence. See *Fletcher* v. *State*, 12 *Ga. App.* 809 (78 S. E. 478). Where the judgment of a municipal court is attacked in a petition for certiorari solely on the ground that the evidence was insufficient to support the judgment, and that judgment is approved by the judge of the superior court, this court will not set aside the finding, where there is some evidence, although slight, which supports the judgment. *Burley* v. *Atlanta*, 14 *Ga. App.* 815 (82 S. E. 357).

2. Grounds of error set out in a petition for certiorari but not insisted upon in the brief of counsel will not be considered by this court.

*Judgment affirmed.*

DECIDED MARCH 30, 1915.

Certiorari; from Dodge superior court—Judge Graham. November 19, 1914.

*D. D. Smith,* for plaintiff in error. *J. H. Milner,* contra.