## 6189.   DAWSON *v.* CITY OF GLENNVILLE.

BROYLES, J.   1. Under section 4852 of the Civil Code, a judge of the superior court has the power to hear and determine a certiorari in vacation as well as in term time, without any order passed in term time.

2. One who at the hearing of a certiorari consents that the presiding judge may reserve his decision until vacation will not be heard to complain that he did not receive notice of the time and place of the judge's decision in the case. After having consented to the rendition of the judgment in vacation, the duty rested upon him of ascertaining the result of the case.

3. Upon the trial of one charged with a violation of a city ordinance prohibiting the carrying of spirituous liquors for unlawful sale, proof that the accused received money from another person, accompanied by a request to procure whisky for the latter, and that the accused went off

and returned and delivered two bottles of whisky to that person, would authorize the inference that the accused sold the whisky, and that he was keeping it for sale. This inference is not rebutted by the uncorroborated statement of the accused that he had bought the whisky from another person and paid him for it. *Bray* v. *Commerce,* 5 *Ga. App.* 605 (63 S. E. 596); *Langston* v. *Hazlehurst,* 9 *Ga. App.* 449 (71 S. E. 592); *Simpson* v. *Eastman,* 16 *Ga. App.* 185 (84 S. E. 721), and cases therein cited.

4. The evidence authorized the verdict, and the judge of the superior court did not err in overruling the certiorari.      *Judgment affirmed.*

DECIDED MAY 3, 1915.

Certiorari; from Tattnall superior court—Judge Sheppard. October 28, 1914.

*H. H. Elders,* for plaintiff in error.    *C. L. Cowart,* contra.