### 7211.  MULLING *v.* THE STATE.

WADE, J.  1. Evidence on the trial of one charged with selling intoxicating liquor that he received money with the request to procure whisky for another person, and thereafter delivered whisky to that person, authorized the inference that the defendant sold the whisky, and the onus was upon him to explain where, how, and from whom he got it. See *Langston* v. *Hazlehurst*, 9 *Ga. App.* 449 (71 S. E. 592) ; *Gaskins* v. *State*, 127 *Ga.* 51 (55 S. E. 1045). The defendant's statement at the trial, that he acted merely as agent for the purchaser, and obtained the whisky from another person mentioned, did not require a finding that this inference was rebutted. *Simpson* v. *Eastman*, 16 *Ga. App.* 185 (84 S. E. 721) ; *Langston* v. *Hazlehurst*, supra. It was for the jury to determine his actual relation to the act charged. *Smith* v. *State*, 14 *Ga. App.* 577 (81 S. E. 801).

2. There is no merit in the exception to the charge of the court, in the form in which the exception is made; the evidence warranted the verdict, and the trial judge did not err in overruling the motion for a new trial.                    *Judgment affirmed.*

DECIDED APRIL 21, 1916.

Indictment for selling liquor; from Jefferson superior court—Judge Hardeman. December 18, 1915.

*Frank Hardeman, M. C. Barwick, R. G. Price,* for plaintiff in error.

*R. Lee Moore, solicitor-general,* contra.