## 24296. WILLOUGHBY *v.* CITY OF ATLANTA.

DECIDED NOVEMBER 23, 1934.

*C. G. Battle* for plaintiff in error.

*J. L. Mayson, C. S. Winn, J. C. Savage,* contra.

GUERRY, J. Will Willoughby was tried and convicted in the recorder's court of the City of Atlanta, being charged with the offense of doing a transfer business without a license. His petition for certiorari, which contained only the general grounds, was denied by the judge of the superior court. To this ruling he excepted.

A license inspector for the city testified, that he made a case against the defendant for carrying on a "transfer business" without obtaining a license; that he, the defendant, had no license for 1933, and had not taken one for the first quarter of 1934, and that there was due the city $37.50 for the same; that he found a truck in front of defendant's place, and that a sign read: "Furniture hauling at a reduced price;" that a Reo truck was standing in front of the defendant's place, and that the license-tag therefor was issued to defendant for the year 1934. On cross-examination he swore that he did not know that defendant had sold the truck to J. H. Grays, on January 5, 1933, and held a retention-of-title contract thereon, and that Grays had bought and paid for a license for such truck from the city for the year 1933 and held a receipt therefor including a truck tag. The receipt given him was admitted by witness to be the city's receipt. He had never seen the defendant haul anything, or contract for the hauling of anything, nor did

he know whether the defendant was carrying on a transfer business, the sign and the truck being all that he knew about it.

The defendant showed by testimony and documentary evidence that he had sold his business right and the truck to J. H. Grays on January 5, 1933, and that a truck receipt had been issued to Grays by the city for the year 1933; that Grays was unable to finish paying for the truck, and defendant took the same back and resold it to Ed Hays, and a license was issued to Ed Hays in 1934. These sales and licenses were in writing, and were introduced in evidence. Hayes testified that the defendant had nothing to do with operating a transfer or other business, but that the same was being operated by himself. Other neighbors swore that the defendant had operated no transfer business during 1933 and 1934. The court adjudged him guilty and passed sentence.

We think the above evidence, which is admitted in the answer to the certiorari to be true was totally insufficient to support the conviction. It is true that in passing upon a certiorari from a lower tribunal, the judge of the superior court has a wide discretion. This court, in *Hardaway* v. *Atlanta*, 9 *Ga. App.* 837 (72 S. E. 304), said: "Where a certiorari attacks the finding of the recorder of a municipal court on the sole ground that it was without any evidence to support it, and, on the hearing of the certiorari, this finding is approved by the judge of the superior court, and it appears that there was some evidence to support the finding of the recorder, this court will not interfere." We have no complaint with reference to this rule, cited and relied upon by the State. However, not all rules of evidence are set aside thereby and made of no avail, and a conviction of a defendant supported by no evidence at all, or on circumstantial evidence which is not sufficient under the Penal Code, § 1010, will be set aside by this court, even though such conviction has the approval of the judge of the superior court on certiorari. There must be some evidence, proven facts or circumstances, sufficient to support the conviction; and if the evidence be entirely circumstantial, it must be consistent with the hypothesis claimed and inconsistent with any other reasonable hypothesis. This court is admittedly without authority to interfere with a verdict supported by direct evidence. It may declare, however, even though the jury has found otherwise, and the trial judge has approved their finding, that the proven circumstances do

not sustain by their consistency the claim of the State as to the guilt of the defendant. This court should be slow to interfere with the verdict of a jury, even in cases of this character. The rule of law with reference to cases tried before a municipal recorder in which the judgment is excepted to solely on the ground of the insufficiency of the evidence, and in which the judgment has been approved by the trial judge, does not mean that the judgment of a recorder and the approval of the superior-court judge thereon are to be given more weight than is a verdict of a jury in any other court which has the approval of the trial judge. Both must measure up to the rule of evidence that is fundamental in our system of jurisprudence, as embodied in the Penal Code, § 1010. The State's witness found a sign and a truck at the defendant's place. On such evidence any property owner in Atlanta might be convicted. These were circumstances, but before such circumstances amount to "some evidence," there must be something else brought out to show the defendant's alleged guilt. These circumstances, which do not amount to evidence at all, taken by themselves, were rebutted and explained by evidence which was uncontradicted. We are therefore of the opinion that the judge of the superior court erred in denying the certiorari.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*