36689. GRESHAM *v.* THE STATE.

DECIDED MAY 17, 1957.

*Frank Grizzard, Frank A. Bowers,* for plaintiff in error.

*John I. Kelley, Solicitor, Paul Webb, Solicitor-General, R. L. O'Neill, Eugene L. Tiller,* contra.

GARDNER, P. J. The evidence in this case is amply sufficient to support the judgment of guilty of operating an automobile while under the influence of intoxicating liquor. The defendant made no statement. The evidence for the State covers every phase of allegata and probata required to convict. No other result could develop by certiorari.

In *Little* v. *City of Jefferson,* 9 *Ga. App.* 878 (1) (72 S. E. 436) this court said: "Though one of the assignments of error in a petition for certiorari may be that the verdict or judgment complained of is contrary to the evidence, and without evidence to support it, it is not (so far as this ground is concerned) the duty of the judge of the superior court to sanction it, if there is a legal adequacy of testimony to support the verdict or judgment, and if the weight of the testimony is not so strongly against the correctness of the finding as that, if on final hearing the answer supported the petition, the judge would feel that the interests of

justice required a new trial. The judge of the superior court, on certiorari, should at the final hearing grant a new trial if he is satisfied that the finding complained of is wrong because contrary to the weight of the credible testimony in the case; but where, on the case as made by the petition, he sees that the finding is so well supported by evidence that he would not set it aside, even if the answer verified the case as made by the petition, it is proper for him to refuse to sanction the petition." See also *Langston* v. *City of Hazlehurst,* 18 *Ga. App.* 308 (89 S. E. 375), and *Hicks* v. *City of Hazlehurst,* 14 *Ga. App.* 813 (82 S. E. 354). In *Rosenbusch* v. *Lester Book & Stationery Co.,* 16 *Ga. App.* 539 (85 S. E. 675), this court held: "Though the testimony was somewhat uncertain and unsatisfactory, there was some evidence to support the finding in favor of the plaintiff; and therefore the judge of the superior court did not err in declining to sanction the petition for certiorari, which set forth no reversible error. If there was even slight evidence to support the verdict or judgment of which complaint was made, he was under no obligation to sanction the petition, unless some sufficient legal error appeared therein."

The judge of the superior court acted within the scope of his authority and therefore committed no reversible error in refusing to sanction the writ of certiorari.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*