### 51806. CANNON v. MACON FIRE & POLICE PENSION BOARD et al.

PANNELL, Presiding Judge.

Appellant was granted a disability retirement by the Macon Fire & Police Pension Board on November 29, 1973, to become effective on December 1, 1973. On December 26, 1974, the board determined that appellant should be removed from disability retirement. Appellant filed a petition for writ of certiorari to the Superior Court of Bibb County. The court decided the case on the merits and dismissed the petition for writ of certiorari.

1. The Macon Fire & Police Pension Board is given the authority to terminate disability retirement benefits under Ga. L. 1969, p. 2801, Sec. 1, Art. III, as amended, which provides in pertinent part: "(e) Termination of Disability Retirement Benefit. Once each year the Board may require any employee receiving a disability benefit who has not reached his normal retirement date to undergo a medical examination by a physician or physicians designated by the Board. If it appears from such medical examination that the disability of an employee who has not reached his normal retirement date has ceased, his disability benefit shall be discontinued by the Board."

The board required appellant to undergo a medical examination by a physician designated by the board approximately one year after appellant began receiving disability benefits. The doctor examined appellant on December 12, 1974; his opinion stated in pertinent part the following: "In this examiner's opinion this patient should be able to carry out sedentary duties in which he didn't have to lift more than ten pounds of weight, nor situations in which he had to walk excessively. At the same time he may have pain in the low back aggravated by sitting but if it was so that he did not have to sit continuously, could get up and move around at will, he should be able to carry out the duties. As far as the neck is

concerned, the thing that would bother him most would have to be hyper-extension in the neck, that is looking upward. It's felt that any evaluation of this patient by the board should take into consideration neurosurgical evaluation, particularly past myelograms since this examiner does not have the benefit of myelographic studies."

The board considered this report and several other medical reports and determined that appellant was able to perform the duties assigned to him; appellant was a radio operator for the fire department prior to his disability. The superior court decided that there was evidence to sustain the decision of the board, and therefore, dismissed appellant's petition for certiorari. We agree with the trial judge; there was evidence to support the determination that appellant was no longer disabled and was capable of performing the duties assigned to him. This court will not interfere with the superior court's denying the certiorari where there was some evidence authorizing the judgment. See *Moore v. State,* 48 Ga. App. 98 (171 SE 834); *Burley v. City of Atlanta,* 14 Ga. App. 815 (82 SE 354).

2. Because of our decision in Division 1, it is not necessary to decide whether a writ of certiorari to the superior court lies from an action by the Macon Fire & Police Pension Board. "A judgment right for any reason will be affirmed by the appellate courts." *Hill v. Willis,* 224 Ga. 263, 267 (161 SE2d 281).

*Judgment affirmed. Evans and Marshall, JJ., concur.*

ARGUED FEBRUARY 3, 1976 — DECIDED FEBRUARY 27, 1976.

*James & Shipp, Tommy Day Wilcox,* for appellant. *Lawton Miller, Jr.,* for appellees.