## 60911. FLACKER v. BERR-NASH CORPORATION.

SOGNIER, Judge.

Berr-Nash Corporation sued appellant Flacker in the Small Claims Court of Berrien County on a dental bill assigned for collection by Drs. McCranie and Haslam. Flacker's motion to dismiss was denied and the case proceeded to trial before the judge of the Small Claims Court. Flacker presented no evidence and judgment was entered in favor of Berr-Nash. Appellant's petition for writ of certiorari in the Superior Court of Berrien County was denied and she appeals.

1. Appellant contends that the trial court erred in denying her

writ of certiorari. The writ of certiorari to the superior court is a constitutional as well as statutory remedy available where a party is dissatisfied with a decision or judgment of an inferior judicatory exercising judicial or quasi-judicial powers. Ga. Const., Art. VI, Sec. IV, Par. V (Code Ann. § 2-3305); Code Ann. § 19-101; *Cochran v. City of Rockmart,* 242 Ga. 732, 733 (251 SE2d 259) (1978); *Morman v. Pritchard,* 108 Ga. App. 247, 250 (132 SE2d 561) (1963). The superior court in the instant case decided as a matter of law that there was sufficient evidence to sustain the judgment of the Small Claims Court, and therefore, dismissed appellant's petition for certiorari. Where there was some evidence authorizing the judgment, this court will not interfere with the superior court's denial of certiorari. *Cannon v. Macon Fire &c. Pension Bd.,* 137 Ga. App. 803, 804 (224 SE2d 851) (1976).

2. Appellant also contends that the superior court erred in failing to include in its order denying certiorari findings of facts and conclusions of law in accordance with Code Ann. § 81A-152 (a). We do not agree. Code Ann. § 81A-152 (a) provides: "In all actions in superior court *tried upon the facts* without a jury, . . . the court shall find the facts specially and state separately its conclusions of law thereon . . ." (Emphasis supplied.) This code section does not apply where an application for writ of certiorari is denied. The superior court did not try the case on its facts but found as a matter of law the evidence was sufficient to sustain the judgment. Thus, appellant's enumeration of error is without merit.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 24, 1981.

*Elsie H. Griner,* for appellant.
*J. Reese Franklin, W. S. Perry,* for appellee.