### 69106. SMITH v. ELDER et al.
(329 SE2d 511)

BANKE, Chief Judge.

The appellant was terminated from her employment with the Department of Parks and Recreation of the City of Atlanta based on charges of insubordination, incompetence, and inefficiency. This decision was upheld by the Civil Service Board of the City of Atlanta, whereupon the appellant petitioned the Fulton County Superior Court for certiorari. Following a review of the administrative record, which included a verbatim transcript of the proceedings below, the superior court "denied" the petition, based on application of the "any evidence" standard. We granted a discretionary appeal in order to resolve an apparent conflict in our decisions regarding whether the "any evidence" standard, as opposed to the "substantial evidence" standard, is applicable in such cases. *Held*:

1. In a line of decisions going back many years, this court has consistently held that the denial of certiorari by a superior court will not be disturbed where there is at least some evidence supporting the judgment. See, e.g., *Burley v. City of Atlanta*, 14 Ga. App. 815 (82 SE 357) (1914); *Cannon v. Macon Fire &c. Pension Bd.*, 137 Ga. App. 803, 804 (224 SE2d 851) (1976); *Flacker v. Berr-Nash Corp.*, 157 Ga. App. 638, 639 (278 SE2d 180) (1981). The latter two cases were, however, decided without reference to Ga. L. 1961, pp. 190, 192, § 8 (OCGA § 5-4-12) (b); former Code Ann. § 19-402), which specifies that the scope of superior court review in certiorari cases shall include a determination "as to whether the judgment or ruling below was sustained by substantial evidence." This standard was recently applied in *Guntharp v. Cobb County*, 168 Ga. App. 33, 35 (307 SE2d 925) (1983), albeit without overruling *Flacker v. Berr-Nash Corp.*, supra, or *Cannon v. Macon Fire &c. Pension Bd.*, supra, both of which were decided subsequent to the enactment of the 1961 statute and are clearly incompatible with it. We now overrule the earlier cases and affirm that the "substantial evidence" standard is the proper standard to be applied in appeals to superior court by application for certiorari.

2. Although the superior court did not apply the correct standard in reviewing the sufficiency of the evidence in the present case, we hold that the error was harmless as a matter of law, since our own review of the record convinces us that there was substantial evidence to support the decision of the civil service board.

*Judgment affirmed. McMurray, P. J., Birdsong, P. J., Pope, Sognier, and Benham, JJ., concur. Carley, J., concurs in Division 1 and in the judgment. Deen, P. J., and Beasley, J., concur in part and dissent in part.*

BEASLEY, Judge, concurring in part and dissenting in part.

I agree with my colleagues with respect to Division 1 of the opinion. As to Division 2, we part company.

Having decided that the court below applied the wrong standard in reviewing and considering the evidence, and having set out what the right standard is, we must remand the case to the trial court for the first instance application of that standard in its consideration of the case.

By virtue of the 1983 Constitution of Georgia, Art. VI, Sec. V, Par. III, we are a court of review and have no authority to sit as the superior court is authorized to do, under OCGA § 5-4-12 (b), in this case. Only after that court performs its function of reviewing the evidence, using the proper "substantial evidence" standard, will we again be authorized to review its action. By substituting our opinion for the opinion it has not yet even had an opportunity to correctly formulate, we are stepping beyond the bounds of review of the superior court's judgment and entering the realm of review of the Civil Service Board directly.

When I use the word "consider" here, I mean that function of the reviewing superior court relating to a measuring of the evidence and a determination of whether that evidence is substantial. That is to say, the superior court must ascertain the heaviness, gravity, load, import, and significance of the evidence which it is reviewing, and then apply its judgment, using that standard of "substantial evidence" in order to conclude that the record supports the Board's decision. If it concludes that the evidence would meet the lesser "any evidence" standard but is not of great enough strength to meet the heavier "substantial evidence" standard, then the Board's decision would not be sustained because it is not supported, in the judgment of the superior court, by substantial evidence. It is a matter of value assessment, a matter of quantity on a scale.

The assessment that the reviewing court gives is different from that given by the fact finder. The latter takes the raw data (testimony, exhibits, reasonable inferences, etc.) and puts it on one side of the scale as favoring the asserter or on the other side as favoring the

defender, as to each element of the issue to be tried. It then totes up the results and applies the legal standard of proof for that kind of case. Does the evidence for plaintiff, for example, preponderate over, or weigh more than, that of defendant?

The reviewing court, a certiorari court acting pursuant to OCGA § 5-4-12 in this instance, takes the decision of the factfinder and determines whether the record supports the factfinder's conclusion. *Is the evidence underlying it "substantial"?* If not, the factfinder's decision is legally wrong. Thus, the reviewing court does a different kind of measuring. It does not weigh conflicting evidence and decide what the facts are and assign them to one side of the scale or the other. Rather, it looks at the victor's side, to see if the evidence favoring it is substantial. In this sense, the mental exercise engaged in by the reviewing court is a weighing, requiring an assignment of values. It differs from the factfinder's job in that it looks at the side of the scale chosen by the factfinder to see if the evidence there supports the factfinder's conclusion when the measure or standard required of the factfinder is applied.

I go to these lengths to explain because, when we discuss abstract concepts and ideas and attach words connoting physical properties, we can be misunderstood. When I said "consider," "measure," "ascertain," "assess," I do not mean weigh this as against that, i.e., measure the relative weaknesses or strengths of each side of the case, but rather focus on the side chosen to see if it weighs enough to meet the degree of value required by the law.

In the instant case, we have decided that the superior court has not properly performed its function because it applied the wrong standard, i.e., it applied a weaker or lesser quantity minimum for the evidence to support the Board's decision than the law requires. When the lower court uses the proper measure, it might conclude that the record in its judgment does not support the Board's decision, that there is some evidence supporting it but not substantial evidence. While we might disagree, assuming that reasonable men may differ in exercising their judgment in such matters, we would have no authority to substitute our judgment for the lower court's. If the record supports that court's conclusion, we must abide by it because we could not say the court erred. But I do not believe we may substitute our judgment for the superior court's, when its judgment has not been properly exercised at the initial stage, because it might reasonably conclude otherwise.

If the trial court had erroneously applied a higher standard than required by law, and concluded that the standard was met, we could affirm under the right for any reason rule. *Tony v. Pollard*, 248 Ga. 86, 88 (1) (281 SE2d 557) (1981). This is because we can conclude as a matter of law that the same ultimate judgment would necessarily be

reached below if the correct standard were applied. But the rule cannot be used when the trial court erroneously applied a lower standard than authorized. The reason is that if the trial court were to apply the correct standard, it *could* reach a different result and judgment. In either event, *we* cannot undertake to render the judgment.

I am authorized to state that Presiding Judge Deen joins in this concurrence in part and dissent in part.

DECIDED FEBRUARY 28, 1985 —
REHEARING DENIED MARCH 29, 1985 — 

*Antonio L. Thomas*, for appellant.
*Kendric E. Smith, Marva Jones Brooks*, for appellees.