76971. GRAHAM v. WILKES et al.
(373 SE2d 90)

BIRDSONG, Chief Judge.
This court granted appellant's application for discretionary ap-

peal to determine the sole issue of whether the trial judge applied the "slight evidence" standard of *Bolton v. City of Newnan*, 22 Ga. App. 15 (95 SE 472) in denying appellant's petition for certiorari and thereby committing reversible error.

Appellant petitioned the superior court for certiorari following the decision of the Bibb County Civil Service Board upholding the action of the Sheriff of Bibb County, appellee Wilkes, which terminated appellant's employment with the sheriff's department for allegedly violating certain provisions in the sheriff's manual relating to loyalty and integrity. The superior court denied appellant's petition for certiorari issuing an order which pertinently provided: "The findings of fact and judgment of the Bibb County Civil Service Board terminating the employment of the Plaintiff are affirmed, and the Plaintiff's Petition for Certiorari is hereby denied. *Bolton v. City of Newnan*, [supra]." *Held*:

This court in *Bolton* established the "slight evidence" test as a correct test to be used in determining whether the superior court erred in "overruling" a petition for certiorari. Id. at 16 (2). However, in *Smith v. Elder*, 174 Ga. App. 316 (1) (329 SE2d 511), this court, citing OCGA § 5-4-12 (b) held that "the 'substantial evidence' standard is the proper standard to be applied in appeals to superior court by application for certiorari." Further, in *Smith*, we overruled a line of decisions holding that "the denial of certiorari by a superior court will not be disturbed where there is at least some evidence supporting the judgment." Id. Clearly *Smith*, by implication also reversed that line of cases, such as *Bolton* and *Gresham v. State*, 95 Ga. App. 755 (98 SE2d 573), which apply a mere "some evidence" standard. Moreover, OCGA § 5-4-12 (b), applicable at the time of the trial court's order, prescribes the use of the "substantial evidence" test. It is clear from the face of the trial court's order that the *Bolton* standard of "some evidence" has been erroneously applied by the trial court. This case is distinguishable from *Sullivan v. Brownlee*, 174 Ga. App. 813, 814 (331 SE2d 622), as here the trial court's erroneous application of the wrong standard is established clearly in the body of its order.

The remaining assertions and arguments of the parties will not be addressed as they are outside the limited scope for which this court granted this discretionary appeal. The record will be returned to the trial court for reconsideration of appellant's petition for certiorari applying the statutory standard of OCGA § 5-4-12 (b).

*Judgment reversed and case remanded with direction. Banke, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 14, 1988.

*F. Robert Raley,* for appellant.
*Joseph W. Popper, Jr., Brian J. Passante,* for appellees.