## A92A1302. CITY OF ATLANTA v. LAMBRIGHT et al.
### (423 SE2d 265)

POPE, Judge.

Appellee Mark Lambright was formerly an officer with the City of Atlanta Police Department. The officer was charged with violation of certain work rules of the department arising out of an incident in which he took and kept in his possession, in violation of departmental procedures, eight warm-up suits with price tags attached found in a stolen vehicle which was discovered by the officer and his patrol partner. When he was questioned by superior officers concerning the incident, the officer refused to respond on the advice of his attorney because he had been charged with the crime of receiving stolen property. Although the work rules he was charged with violating do not appear in the record, the record establishes that they related to standard of conduct and the requirement of obedience to the law, obedience to supervisory personnel and conformance to directives.

The officer was discharged and appealed to the City of Atlanta Civil Service Board. The board conducted a hearing at which the officer admitted taking the suits but offered as an explanation of his act

that his judgment was impaired by stress from the shootings of three colleagues on the police force. In support of this explanation, the officer presented the testimony of a police department psychologist who had counselled the officer after the incident. The officer testified that he offered to give a statement at a later date and argued that his refusal to give a statement at the time it was requested by supervisory personnel was justified by his constitutional right not to be required to incriminate himself. The board reversed the dismissal and ordered the officer to be reinstated with back pay. The City of Atlanta filed a petition for certiorari to the superior court and the superior court conducted a hearing on the petition and rendered an order denying the petition and affirming the decision of the board. The City of Atlanta appeals.

1. In its written opinion, the board concluded that the issue of the officer's theft of property was a "moot point" because he admitted the theft and was arrested for it. Thus, the board concluded that the charges for violation of the rules of conduct and failure to obey the law were matters which they need not address. The City of Atlanta argues that the superior court erred in affirming the board's ruling because it is not supported by the evidence. We agree.

Pursuant to Section 3-503 (b) (4) of the Charter of the City of Atlanta, the civil service board "shall have such powers to dispose of . . . cases [relating to dismissal of employees] as shall be provided by ordinance . . . ." Ga. L. 1973, pp. 2188, 2213. Neither the ordinance setting forth the powers of the board nor the work rules the officer was charged with violating appear in the record of this case and we may not take judicial notice of them. See *Hood v. Savannah*, 247 Ga. 524 (277 SE2d 54) (1981). Thus, we cannot determine whether the work rules require or merely permit the dismissal of an officer who violates the rules. Neither can we determine if the board is permitted discretion to consider mitigating factors such as those the officer attempted to prove.

Even without evidence of the extent of the board's discretion, however, the record shows the opinion of the board to be unsupportable and contrary to the evidence. It is contrary to logic for the board to conclude that the officer's admission that he violated the law and the police department rule concerning conduct renders the charges against him moot. Moreover, that he faced criminal charges arising out of the same conduct is irrelevant to the issue of whether he is subject to discipline or discharge from his position as a police officer as a result of this conduct. In ruling on a petition for certiorari to an inferior judicial body, such as a civil service board, the superior court is required to apply the substantial evidence test. OCGA § 5-4-12 (b); *Graham v. Wilkes*, 188 Ga. App. 402 (373 SE2d 90) (1988); *Smith v. Elder*, 174 Ga. App. 316 (1) (329 SE2d 511) (1985). We find not only a

lack of substantial evidence but no evidence at all, nor any rational basis, to support the board's conclusion that the issue of the officer's violation of the standard of conduct and the requirement of obedience to the law was rendered moot by his admission of the very act on which the two charges were based. Thus, the trial court erred in affirming the decision of the board in regard to these two charges. On remand, the trial court is ordered to remand the case to the board for a ruling on the two charges regarding conduct since it cannot reasonably be concluded that the issue of defendant's theft is moot.

2. We also find a lack of substantial evidence for the board's conclusion that the officer's dismissal was improper on the ground of disparate treatment because the officer presented evidence that another officer had not been disciplined "for the same infraction." In fact, the evidence showed that the other officer was prosecuted for driving under the influence and two counts of obstructing an officer during his arrest for the offense. Although the officer at issue in this case was also charged with a crime, the departmental charges against him in no way related to obstructing an officer arising out of his arrest but instead related to his failure to obey orders to give a statement to officers conducting the internal investigation of the incident. Thus, the board's conclusion concerning the officer's defense of disparate treatment was arbitrary, capricious and without rational basis. The trial court erred in affirming the board's holding on this issue.

3. In regard to the charges for failure to obey supervisory personnel and to conform to directives, arising out of the officer's refusal to give a statement to his superiors who investigated the incident, the board concluded that the department's discipline was "unjust" and that "one should not be compelled to give evidence against one's self." The evidence shows the pre-printed form on which the officer was requested to make a written statement expressly states that although the officer is subject to dismissal for refusing to give a statement, neither the statement nor any information gained by reason of such a statement may be used against the officer in any subsequent criminal proceeding except perjury. Thus, we agree with the City of Atlanta that because the officer was not required to waive his constitutional right to freedom from self-incrimination and, in fact, was expressly offered use immunity for his statement, the requirement to give a statement was not an infringement upon his constitutional rights. See *Garrity v. New Jersey*, 385 U. S. 493 (87 SC 616, 17 LE2d 562) (1967); *Hester v. Milledgeville*, 777 F2d 1492 (11th Cir. 1985). Nevertheless, the evidence shows the officer offered, upon the advice of counsel, to give a statement at a later date. Even if we would reach a different conclusion concerning the appropriateness of the discipline for these charges, since the ordinance setting forth the powers and degree of discretion granted the board is not included in the record,

we cannot conclude as a matter of law that the board abused its discretion in deciding that discipline under these circumstances was "unjust." An appellate court reviewing the decision of an administrative board may not substitute its discretionary judgment for that of the board. *Clark v. Ga. Kraft Co.*, 178 Ga. App. 884 (345 SE2d 61) (1986). Thus, we are constrained by the rules governing appellate review of administrative orders to hold that the trial court did not err in affirming the board's decision on these two charges.

*Judgment affirmed in part and reversed in part with direction. Carley, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 8, 1992 —
RECONSIDERATION DENIED SEPTEMBER 24, 1992.

*Overtis H. Brantley, Elizabeth B. Taylor*, for appellant.
*McKenney & Froelich, William J. McKenney*, for appellee.