## A92A1303. CITY OF ATLANTA v. BELL et al.
(425 SE2d 325)

JOHNSON, Judge.

Harold Bell was terminated from his employment as a police officer with the City of Atlanta Police Department for violating four departmental work rules: *1.01 (a) (d) Appropriate Action Required*; *1.03 Truthfulness*; *2.37 Unsatisfactory Performance*; and *2.50 Maltreatment or Unnecessary Force*. He appealed from his termination to the Civil Service Board of the City of Atlanta. The Civil Service Board reversed the dismissal and ordered Bell reinstated with back pay. The City of Atlanta filed an application for writ of certiorari to the Fulton County Superior Court which was granted. Following a review of the record and hearing oral argument of counsel, the superior court affirmed the decision of the Civil Service Board. We granted the City of Atlanta's application for discretionary appeal to review that decision.

The facts in this case are of such primary importance to the issues presented that they are set forth in detail as follows: Bell, an eight-year veteran of the Atlanta police force, was investigating a vehicular accident. A van occupied by Charlene Reeves and William Felton had been hit by a car driven by Jacques Wilson. Wilson had fled the scene. Both Reeves and Felton sustained injuries in the collision. Bell was told by Reeves and Felton that Felton had been driving the van at the time of the accident. Other witnesses told another police officer at the scene that Reeves had been the driver. After Wilson was apprehended and charged with hit and run, he overheard the other police officer tell Bell that witnesses to the collision indicated that Reeves, not Felton, had been driving the van. Wilson then told Bell that Reeves was in fact driving the van, and Bell concluded that Reeves was lying to him.

Over the protest of the paramedic, Bell removed Reeves from the ambulance where she was being treated for her injuries. He placed her under arrest, handcuffed her, and charged her with driving without a license, driving under the influence of alcohol, and obstructing an officer. Bell placed Reeves in his patrol car. Felton was seated partially in and partially out of an adjacent patrol car, and Bell said to Felton: "You asked for it. You're going to get it now." Bell began to remove Felton from the car. Felton resisted, and Bell, along with two other officers, began forcibly shoving him into another patrol car. During the struggle, Bell choked Felton. Then, while the other officers were still holding Felton's arms, Bell punched Felton in the face. He formally placed Felton under arrest, charging him with simple battery and obstruction of a police officer. Reeves and Felton were held at the City Pre-Trial Detention Center for two days. All charges against them were ultimately dropped.

Several weeks after the incident, Reeves and Felton sought to file a complaint against Bell with the police bureau. Reeves was told by an officer at the Office of Professional Standards that she did not believe that Bell was capable of such behavior. The officer refused to make a report, and told Reeves and Felton that they might speak to someone at the precinct to which Bell was assigned. At the precinct, Reeves and Felton were told that it was their word against Bell's. They took this to be an indication that they had no reason to proceed with their complaint.

Fifteen months later, Reeves and Felton again tried to lodge their complaint. This time the Office of Professional Standards began an investigation which resulted in Bell's dismissal.

In its opinion, the Civil Service Board found Bell's actions to be "deplorable." It concluded that Bell's "zeal to find the truth clouded his judgement (sic) and certainly skewed his priorities." With respect to the striking of Felton while removing him from a patrol car, the Board stated that "(t)his type of unwarranted physical force is inappropriate and unworthy of a sworn police officer" and was "less than professional."

Bell's disciplinary history, which was not cited in the Board's opinion but is part of the record, indicates that Bell had received five written reprimands for, inter alia, making an improper arrest, following improper procedure, using abusive language, and for abuse of authority. He had been sent to retraining school twice for violating rules regarding maltreatment of citizens and fitness for duty, and he had been suspended three times in 1988. One 30-day suspension was imposed for abuse of authority, maltreatment, and lack of courtesy.

Despite its abhorrence of Bell's conduct, the Board concluded that the police bureau had failed to investigate the complaint filed by Reeves and Felton in a timely manner as required by the Code of Ordinances of the City of Atlanta, Article D, Disciplinary Actions Section 5-3042 (2) (a). The police bureau was therefore estopped from prosecuting the complaint, the Civil Service Board concluded. The Board drew its conclusion despite the fact that there was no evidence presented at the hearing in support of Bell's assertion that the passage of 15 months from the time of the original effort to lodge the complaint to the time of the hearing would prejudice his defense of his conduct in this incident.

The city asserts that the superior court erred in denying its petition because the Board's ruling was contrary to the facts. In this case, we must balance a police officer's right to a timely investigation of complaints against him and the public's interest in responsible, professional, police services. Any accusation of police misconduct must be placed under the closest scrutiny.

An appellate court reviewing the decision of an administrative

board may not substitute its discretionary judgment for that of the board. *Clark v. Ga. Kraft Co.*, 178 Ga. App. 884 (345 SE2d 61) (1986). Nonetheless, when the finding of an administrative board is contrary to the evidence, arbitrary, or capricious it may be reversed. OCGA § 50-13-19 (h) (5), (6). *City of Atlanta v. Lambright*, 205 Ga. App. 558 (423 SE2d 265) (1992). We find the Board's conclusion that the police bureau was estopped from terminating Bell was an arbitrary result in view of its own findings that Bell was guilty of the misconduct complained of and in the complete absence of any evidence that the 15-month delay from the time of the incident to the time of investigation of the complaint had in any way prejudiced Bell in his defense of his conduct. Given the substantial evidence of Bell's rogue behavior in this case, such a result contravenes public policy and cannot stand. Thus the trial court, apparently acting in the belief that it was bound to affirm the Civil Service Board under the "any evidence" rule, erred in affirming the Board's legal conclusion that the police bureau was estopped from terminating Bell because the investigation was not timely. The decision of the superior court affirming the decision of the Civil Service Board reinstating Bell is reversed.

*Judgment reversed. Carley, P. J., and Pope, J., concur.*

DECIDED OCTOBER 29, 1992 —
RECONSIDERATION DENIED NOVEMBER 18, 1992

*Overtis H. Brantley, Elizabeth B. Taylor*, for appellant.
Harold Bell, *pro se.*
*Jonathan O. Oden*, for appellees.