A93A1362. MARTIN v. LAPORTE et al.
(439 SE2d 704)

COOPER, Judge.

We granted this discretionary appeal from a superior court order affirming a decision of the Civil Service Board requiring appellant to take a one-year unpaid leave of absence.

Appellant was terminated from her position as an accountant with the City of Atlanta for excessive absenteeism, job abandonment, absence without leave and negligence in the performance of her job. She appealed her termination to the Civil Service Board, and the board converted appellant's termination to a one-year leave of absence without pay for the period between June 26, 1989 and June 19, 1990. Appellant appealed the board's decision to the Superior Court of Fulton County, and the superior court remanded the case to the board to conduct an evidentiary hearing on whether appellant was unable to work during the period for which the leave was required. After hearing evidence, the board found that appellant was unable to perform her duties during the period from June 26, 1989 through June 19, 1990 and affirmed its earlier decision ordering the one-year

leave of absence. Appellant sought review of the board's decision through a petition for writ of certiorari to the Superior Court of Fulton County, and the superior court affirmed the board's order, concluding that there was substantial evidence to support the board's decision.

1. Appellant contends that the superior court erred in finding that the board's ruling was supported by substantial evidence. "In ruling on a petition for certiorari to an inferior judicial body, such as a civil service board, the superior court is required to apply the substantial evidence test. OCGA § 5-4-12 (b); [cits.]." *City of Atlanta v. Lambright*, 205 Ga. App. 558, 559 (1) (423 SE2d 265) (1992).

At the evidentiary hearing before the Civil Service Board, appellant testified that her health was good and she was able to work during the period from June 26, 1989 through June 19, 1990. Appellant also testified that she received unemployment benefits from October 1989 through January 1990, during which time she actively sought employment through the State Department of Labor's unemployment office. There was evidence that prior to June 26, 1989, appellant filed a claim for workers' compensation benefits, claiming injury due to work-related stress. Between May 1989 and September 1989, appellant saw Dr. David Lyon for depression and anxiety related to her work. Her visits with Dr. Lyon were once a week for 30 minutes to an hour. Also, between May 1989 through mid-November, appellant received weekly physical therapy from a doctor as a result of injuries she sustained in a car accident. The board also considered evidence that as of June 19, 1989, appellant had exhausted all of her sick leave and had requested advance sick leave for the sixth time in a three-year period. On July 10, 1989, appellant sent a written note to the employee benefits administrator informing that her doctor had advised against returning to the stressful conditions of appellant's job. The record before the board also included two letters from Dr. Lyon, dated May 4, 1989 and June 6, 1989, respectively. The May 4 letter stated that appellant felt much stress at work and was willing to take a leave without pay, and the June 6 letter indicated that the stress of appellant's job was a significant factor in her illness. There was also evidence that appellant requested a leave of absence without pay through a minister in June 1989 and through her attorney on June 26, 1989.

Appellee argues that appellant's work history immediately preceding her termination and the fact that appellant had exhausted all of her sick leave during a time when she was under the care of two physicians for a minimum of one hour per week exclusive of travel time supports the board's conclusion that she was unable to work during the period in question. We agree. Although appellant testified that as of October 1989 she was actively seeking employment and able

to work, there is uncontradicted evidence that shortly before her termination she repeatedly sought a leave of absence through a minister and her lawyer and that the stress of her job was an important factor in her illness. We conclude that there was substantial evidence to support the board's conclusion that appellant was unable to work from June 26, 1989 through June 19, 1990, and the trial court did not err in affirming the board's decision. See *City of Atlanta v. Lambright,* supra at 560.

2. In appellant's second enumeration of error she argues that the trial judge was influenced by his concern over whether appellant's petition for writ of certiorari was timely filed. Appellant relies on a portion of the superior court's order which states: "There is a serious question as to whether petitioner's petition for writ of certiorari was filed timely." However, appellant omits the following sentence which states: "However, assuming that it was timely filed, after hearing in open court and after consideration of all papers of record, this court has concluded that the decision rendered by the Board is supported by substantial evidence." We conclude that the superior court's order was based on evidence in the record, and we find no merit to appellant's argument that the court was influenced by concerns over the timeliness of her petition for certiorari.

*Judgment affirmed. Beasley, P. J., and Smith, J., concur.*

DECIDED DECEMBER 2, 1993 —
RECONSIDERATION DENIED DECEMBER 17, 1993.

*Mallard & Minor, William D. Mallard, Jr.,* for appellant.
*Michael V. Coleman, Terry Ellis-Brown,* for appellees.