A95A0219. CITY OF ATLANTA v. GRIER et al.
(456 SE2d 751)

POPE, Presiding Judge.

Rodney Grier, a City policeman accused by his sergeant of intentionally and unnecessarily kicking a suspect, was disciplined by the City for using unreasonable force. After a hearing, the Civil Service Board concluded that Officer Grier had not used unreasonable force and overturned the disciplinary action. The superior court affirmed the Board's order, explicitly finding that it was supported by substantial evidence. See *Smith v. Elder,* 174 Ga. App. 316 (1) (329 SE2d 511) (1985). We granted the City's application for discretionary appeal and now affirm.

Three officers testified at the hearing: Officer Grier; his sergeant, Sergeant Dukes; and a third officer at the scene when the incident occurred, Officer Moore. All agreed that the suspect was highly intoxicated and extremely violent. The suspect was also verbally abusive, repeatedly calling Officer Grier "nigger." Before having his hands and ankles cuffed, the suspect had escaped and been recaptured, and had kicked out the window of one of the patrol cars. Even after being cuffed, the suspect refused to be subdued; when Officer Grier walked within five feet of him, the suspect lunged at Grier, falling into the officer and biting his pants leg.

At this point the stories of Officer Grier and Sergeant Dukes diverge. Officer Grier says that he stumbled, turned and tried to shake his leg loose from the suspect's teeth, and that he inadvertently kicked the suspect in the process. Sergeant Dukes, on the other hand,

says that Grier never lost his balance and that the suspect had already stopped biting Grier's pants leg when Grier turned around, looked at the suspect for a moment and deliberately kicked him in the face. Officer Moore's view was somewhat limited (as was Sergeant Dukes'), but he agreed with Officer Grier that Grier lost his balance and stumbled before he made a kicking motion.

Officer Grier's testimony, corroborated in part by that of Officer Moore, is substantial evidence supporting the Board's conclusion that Officer Grier did not use unnecessary force. Contrary to the City's suggestion, Officer Grier's personal interest in the case does not mean his testimony cannot constitute substantial evidence as a matter of law; his interest is simply a factor to be considered in evaluating the evidence. Cf. OCGA § 24-4-4. Accordingly, the superior court properly affirmed the ruling of the Board. See OCGA § 5-4-12 (b).

*Judgment affirmed. Beasley, C. J., and Ruffin, J., concur.*

DECIDED APRIL 4, 1995.

*Overtis H. Brantley, Elizabeth B. Taylor,* for appellant.
*Jonathan O. Oden,* for appellees.