## 51090. STITT v. BUSBEE.

SUBMITTED SEPTEMBER 10, 1975 — DECIDED OCTOBER 6, 1975.

*Aultman, Hulbert, Cowart & Daniel, Robert L. Hartley, Jr.,* for appellant.

*Edward E. McGarity, District Attorney, Arthur K. Bolton, Attorney General,* for appellee.

DEEN, Presiding Judge.

In *Walls v. State,* 111 Ga. App. 337 (141 SE2d 606) it was held that the fact that the principal in a bail bond,

given for appearance in the courts of this state for trial of an offense committed in this state, was unable to appear because he was confined in jail in another state for a violation of the laws of that other state, is not a defense to scire facias issued against the principal and his surety under Code Ann. § 27-906, pursuant to a forfeiture of the bond. Subsequent to the *Walls* decision, the General Assembly enacted Ga. L. 1965, p. 266 (Code Ann. § 110-312 et seq.) which provides that no judgment decreeing the forfeiture of any appearance bond shall be rendered if it is shown to the satisfaction of the court that the principal in such bond is prevented from attending because he is being detained in a jail or penitentiary in another jurisdiction; the statute further provides that the sworn affidavit of the jailer, warden or other responsible officer of the jail or penitentiary in which the principal is being detained shall be considered adequate proof of the principal's detention. Code Ann. § 110-313.

This case is apparently the first to require an interpretation of Ga. L. 1965, p. 266. In light of this, we are compelled to look to the *Walls* case and Code Ann. § 102-102 (9) which provides that in all interpretations, the courts shall look diligently for the intention of the General Assembly, keeping in view, at all times, the old law, the evil and the remedy. When this is done, we can reach but one conclusion: that the intention of the General Assembly in Ga. L. 1965, p. 266, was to supply a remedy (Code Ann. § 110-313) for the exigency of the old law (the *Walls* decision).

The record here reveals that appellant offered the sworn affidavit of the superintendent of the North Carolina prison in which the principal was incarcerated. The statute makes specific provision that such an affidavit shall be adequate proof that the principal is detained. The appellant having fully complied with the provisions of Code Ann. § 110-313, it was error to enter judgment against him decreeing the forfeiture of the appearance bond.

*Judgment reversed. Evans and Stolz, JJ., concur.*