## 53555. SCHAFFER v. STATE BOARD OF VETERINARY MEDICINE.

SMITH, Judge.

The appellant, a licensed veterinarian, was charged with several infractions of the Georgia Veterinary Practice Act, as amended. Ga. L. 1965, p. 92; Ga. L. 1973, p. 260 (Code Ann. § 84-1501 et seq.). After a prolonged hearing before the Georgia State Board of Veterinary Medicine, the appellant's license was revoked. On appeal, the board's decision was affirmed by the Glynn County Superior Court, and the court's decision is now appealed to this court. We agree with the appellant's contention that the board committed procedural and substantive errors; consequently, the superior court erred in refusing to

reverse the board's decision.

1. Appellant's first six enumerations of error, taken together, point to conduct on the board's part which amounted to a denial of a fair hearing. The appellant received notice that a hearing would be held in twenty-six days at which he would have to answer seven separate charges against him. Within four days after receipt of notice, the appellant requested a continuance so that he might prepare defenses to the seven charges. The request was summarily denied.

Section 14 (a) (2) (D) of the Georgia Administrative Procedure Act (Ga. L. 1965, pp. 283, 290 (Code Ann. § 3A-114 (a) (2) (D))) provides that notice of a hearing shall include "[a] short and plain statement of the matters asserted. If the agency or other party is unable to state the matters in detail at the time, the notice may be limited to a statement of the issues involved. Thereafter, upon application, a more definite and detailed statement shall be furnished." The appellant made a timely request for a more definite statement of the matters asserted; he received a response that "the Board has already provided Dr. Schaffer with a 'short and plain statement of the matters asserted' which fully comports with all legal requirements." We disagree. The fundamental requirement is notice calculated to apprise the party of each claim asserted so that he can prepare any defense he may have as to each charge. The notice, received in July, 1975, included allegations involving three incidents which occurred the previous November, over eight months earlier. Two of the incidents involved rabies vaccinations administered to "a dog named 'Smokey.'" The third involved heartworm medication prescribed for "a dog named 'Mopsy.'" The persons who sought treatment for "Smokey" and "Mopsy" are not named.

These statements of asserted matters were "short," to be sure, but they certainly were not "plain." A veterinarian cannot be expected to recollect treating an animal when he is given no more to go on than the animal's name and the date of treatment. Such limited notice is not reasonable.

To compound the matter, at the opening of the hearing on August 13, 1975, the prosecutor, over the

appellant's objection, was allowed to amend one of the above charges to specify that the incident happened on November 1, *1973,* rather than November 1, *1974,* as alleged. Then, despite the appellant's protestations that he had been unable to identify the incident in his records, the prosecutor called as his first witness a state investigator who testified about the November 1973 incident.

The first day, the prosecutor requested that the record in the case be allowed to remain open for 90 days. He stated that additional matters, which should be considered at one continuous hearing, had recently come to the attention of his office. As a result, further charges might need to be added as the hearing progressed. The board granted the request, and at the conclusion of the first day of the hearing the record was left open. The board set October 16, 1975, as the second hearing day. On August 29, the board added two additional charges; on September 30, three more charges were added. The hearing resumed on October 16, was recessed at the end of the day, and was resumed and completed on November 20.

The board argues that even if the notice afforded appellant was not reasonable as to time and specificity, and even if a continuance should have been granted, no harm was done because the protracted nature of the hearing gave the appellant four months for preparation and presentation of a defense. The law requires more than a mere assurance that a respondent in a disciplinary hearing will be afforded a future opportunity to rebut the case made against him. What it requires is that the respondent be given reasonable notice so that he can conduct his defense, including adequate and meaningful cross examination of adverse witnesses, from the onset of the proceedings. It is true, as the board suggests, that the appellant *could* have subpoenaed any of the August witnesses to return to either the October or November hearing dates and then cross examine them. But it cannot seriously be argued that a two or three month delayed cross examination is either meaningful or adequate, for the impressions left by those witnesses who testified free of the challenge of a prepared cross examination might never be erased. In sum: The appellant was given short notice of the pending proceedings. Parts of the notice were

inexcusably vague. The notice was amended at the hearing. Additional charges were added during the course of the hearing. In some cases, evidence on the additional charges was presented within three weeks. These factors together operated to place the appellant at an unfair disadvantage which was not cured by the long recesses in the hearings.

In addition to the notice defects, the record shows that the board was substantially reliant upon the prosecuting attorney for advice on legal questions, such as evidentiary rulings and construction of relevant statutes. While we have found no authority saying such a duality of function is necessarily prejudicial, in this case the duality added to the taint of the hearing. At every turn, the prosecuting attorney uncompromisingly construed legal points strongly against the appellant's contentions. He insisted, for example, that the limited notice was fully adequate; that the appellant was not entitled to a copy of the sworn complaint against him; and that probation was not a disciplinary option available to the board, despite the "or otherwise discipline" language in the statute. We realize that administrative disciplinary hearings are not fitted with all the trappings of criminal procedure, but what happened here is the same, in principle, as a district attorney dominating a trial judge's decisions in procedural and substantive matters. As a consequence when a prosecutor is also acting as the legal advisor for the hearing board, we must closely scrutinize the relationship between the two. Where it appears that the prosecutor has prevailed upon the board in an unfair manner, the board's decision should not be affirmed.

The prosecutor's influence upon the board, and his uncompromising — sometimes venomous — attitude toward the appellant, in conjunction with the other factors named above, lead us to conclude that the appellant was not afforded the fair hearing he is guaranteed. See the similar conclusion reached in Mack v. Florida State Board of Dentistry, 96 FSupp 1259 (S. D. Fla. 1969); affirmed in part, 430 F2d 862 (5th Cir. 1970).

2. Code § 26-905 provides criminal defendants with the affirmative defense of entrapment. There is no criminal responsibility where (1) the idea and intention of

the crime originated with a state agent; (2) the criminal act was induced by the agent's undue persuasion, incitement, or deceit; and (3) the crime would not have been committed but for the agent's conduct. At the hearing the appellant attempted to assert that there had been entrapment with respect to one of the charges against him. At the prosecutor's insistence that entrapment was not cognizable as a defense in an administrative proceeding, the board refused to consider the appellant's contentions. However, we feel that entrapment should be considered as a defense in an administrative hearing such as this, where the professional licensee is facing charges which could result in the loss of his right to engage in that profession. Next to the loss of freedom comes the loss of one's means of a livelihood.

This issue has not previously been decided in Georgia. We are persuaded by the sound reasoning of the Supreme Court of California in Patty v. Board of Medical Examiners, 9 Cal. 3d 356 (508 P2d 1121, 61 ALR3d 342) (1973). That court held that an individual may raise the defense of entrapment in an administrative proceeding at which his right to practice a profession is at stake. See also the annotation to the case at 61 ALR3d 357. The logic of this holding is particularly illustrated by the following language from Patty:

"In essence, the courts have concluded that recognition of the defense of entrapment is crucial to the fair administration of justice. If this is true for proceedings before trial courts, it is no less true for proceedings before administrative agencies. Sound public policy and good morals [cit.] are incompatible with entrapment of an innocent person into the commission of a crime in order to revoke his professional license as clearly as they are incompatible with entrapment in order to obtain a criminal conviction. It is as important for the agency, as for a court of law, to observe a regard for its own dignity. The public's concern with the fair administration of justice attaches equally to administrative as to judicial proceedings. The agency, no less than the court must formulate and apply proper standards for enforcement of the law; neither should permit its officers to consummate

illegal or unjust schemes designed to foster rather than prevent and detect crime. The function of the enforcement officials is to investigate, not instigate, crime; to discover, not to promote, crime." 9 Cal. 3d 364.

In the present case, the appellant contends not that a *crime* was enticed by the state but that a violation of professional responsibility was enticed; the principle is the same. Every professional practitioner must continually face and reject very real temptations to cut corners or lower standards, and even the most ethical among us might finally succumb to the artificial temptation contrived by an insistent and clever agent of the state. Such an induced fall from professional standards, perhaps after years of circumspection, should not rightfully result in the loss of a professional license.

In so holding, we do not intimate whether the three elements of the entrapment defense, outlined above, were present in this case. In a rehearing before the board, such determination will be the board's to make as trier of fact.

3. The remaining enumerations of error either are meritless or involve problems unlikely to recur at a new hearing before the board. For the reasons stated above, the superior court erred in upholding the board's action.

*Judgment reversed. Bell, C. J., and McMurray, J., concur.*

ARGUED FEBRUARY 28, 1977 — DECIDED JUNE 27, 1977 — REHEARING DENIED JULY 28, 1977 —

*Fendig, Dickey, Fendig & Whelchel, Albert Fendig, Jr., C. Edward Nicholson,* for appellant.

*Arthur K. Bolton, Attorney General, Stephen L. Cotter, Assistant Attorney General,* for appellee.