## 63088. FLUKER v. EDWARDS et al.

BIRDSONG, Judge.

Administrative Procedure Act. Melomene Fluker is the mother of three illegitimate children. The oldest, Shamika, ostensibly is the daughter of one Samuel Beall, who does not contribute any amount to the support of the girl. The other two children, Quentin and Lakesha, are ostensibly the children of Tyrone Gardner, who contributes $80 per month to the support of his two children, Quentin and Lakesha. The mother, Ms. Fluker, sought Assistance of Dependent Children (AFDC) submitting herself and daughter Shamika as the two eligible recipients for the AFDC payments. The monthly payments for a family group of two is $137 whereas the payment for a family of four apparently is $193. However, Ms. Fluker could increase her total cash assets by excluding the two younger children and relying on a family group of two, thus receiving $137 from AFDC payments and $80 from Gardner, a total of $217 rather than the $193 for a family group of four from AFDC payments, reduced by the $80 payments by Gardner, or a payment of $113. The Department of Human Resources (DHR) evaluated her request and awarded her AFDC payments of $57. In the notice of award, Ms. Fluker was informed that because Gardner was not contributing the $80 by court order or other mandatory requirement, the payments were voluntary and for the benefit of the entire family group, i. e., Ms. Fluker and the three children. Further because Ms. Fluker had expressly excluded the two younger children fathered by Gardner, she was requesting an entitlement of $137 based on a family group of two which must be reduced by the incoming assets of $80.

Ms. Fluker disagreed with DHR's interpretation of the AFDC regulations and sought to appeal the conclusions of the DHR. A hearing was held before an initial hearing officer. The purpose of the hearing was to consider the particular factor of child support income. This was further explained by asserting that Ms. Fluker had chosen to exclude two children who were being supported by their father but not by court order, resulting in that support money being included in Ms. Fluker's income and computation of her budget so as to reduce her award. At the initial hearing, it was undisputed that two of Ms. Fluker's children were by one father and one by another, and indeed the initial hearing officer made findings of fact to this effect. DHR contended that Assistance Payments Manual, Part III, Section IV-150, Page 6 provides: "If the income of the child, children is not restricted by the degree providing a specific amount for a specific child, it is not considered restricted income. In this situation, one or more of the children could not be separated from the family group for

purposes of making the rest of the group eligible for AFDC. This income would have to be applied as income toward the needs of the total family group." DHR argued that the literal interpretation of the provisions of the AFDC Regulations required a court order restricting the application of monetary support payments to Quentin and Lakesha in order for the income not to be considered general income for the entire family group. It was the counter argument by Ms. Fluker that the limitation in the regulations contemplated several children in one household all the issue of one father. In such circumstances, the father or mother could not increase AFDC payments by contributing to the support of one or more of the children and excluding them from the support group unless a court order made such a limitation. This argument obviously proceeds from and recognizes the premise that a father has no legal or even moral obligation to support any but his own child or children. As indicated, the initial hearing officer concluded as a matter of fact that two of Ms. Fluker's children were issue of one father and the third was the issue of another father. The hearing officer, however, accepted the arguments of DHR and concluded that the support payments not being required by court order were general income to the family group and affirmed DHR's award of $57. Ms. Fluker appealed this award to the final hearing officer in accordance with accepted DHR appellate practice. That hearing officer disagreed with the initial officer and found that a formal court order was not necessary to limit payments made on behalf of a father's own children to only those children, for no duty existed to other children in the first place. However, the final hearing officer sustained the findings, conclusions and award of the initial hearing officer on the grounds that there was no competent evidence in the record or transcript of the initial hearing that Tyrone Gardner was the natural father of Quentin and Lakesha. In the absence of such proof, it was his conclusion that there was no legal obligation for Gardner to support those children and his payments therefore were general contributions toward the support of the entire family group. On appeal to the superior court, that court denied review of the merits and affirmed. Ms. Fluker sought from this court a discretionary appeal, which was granted. *Held:*

Ms. Fluker gives two bases for her appeal. The first is that she was given improper notice of the scope of the hearing in the final appellate review. It was the announced scope of the initial hearing to inquire into the amount of AFDC payments where Ms. Fluker was receiving $80 voluntary child support from the father of two of her children but not the result of a court order. She complains that she was denied a fair hearing on the final appeal because that second decision was based on a question of paternity which was not raised in

the notice of hearing before the initial hearing officer and did not form a basis for the decision of that hearing; nor was she informed that the final hearing officer would inquire into paternity. While it is true that the final hearing officer can consider additional evidence or remand the case to the initial hearing officer for additional evidence, that is not what occurred in this case. The final hearing officer, sua sponte, obtained copies of the birth certificates of the three children, none of which disclosed the identity of the putative father. There is no showing that Ms. Fluker was aware that the final hearing officer was going to pursue this line of inquiry. In fact, Ms. Fluker offered her affidavit at the second appeal containing additional information. However, the final hearing officer declined to consider this as evidence, as being untimely filed.

"... [A] quasi-judicial action ... *is one in which all parties are as a matter of right entitled to notice and to a hearing, with the opportunity afforded to present evidence under judicial forms of procedure.*" *Anderson v. McMurry,* 217 Ga. 145, 150 (121 SE2d 22). There can be no serious argument that notice is the very bedrock of due process. *Benton v. Modern Finance &c. Co.,* 244 Ga. 533 (261 SE2d 359); *Thompson v. Lagerquist,* 232 Ga. 75 (205 SE2d 267). The record in this case also makes it quite clear that the question of paternity was never in dispute in the initial hearing and Ms. Fluker has never been given the opportunity to present evidence as to the paternity of her children. We can but conclude therefore that the notice given Ms. Fluker in relation to the final appeal was not sufficient to apprise her of each and every claim asserted by DHR so as to allow her to prepare any defense she may have had. See *Schaffer v. State Bd. of Veterinary Medicine,* 143 Ga. App. 68, 69 (237 SE2d 510).

Ms. Fluker's second contention is that the final hearing officer improperly substituted findings of fact for those made by the initial hearing officer. We agree. The appropriate administrative procedure is authorized by Code Ann. § 3A-118 (a) as implemented by DHR administrative regulations. DHR has created a two-tiered appellate process. See Code Ann. § 3A-120; *Dept. of Public Safety v. Mac-Lafferty,* 230 Ga. 22 (195 SE2d 748). However, we can find no authority for the hearing officer at the final appeal (the second in the two-tiered system) unilaterally to change or substitute facts found by the hearing officer at the initial hearing in the absence of notice to the claimant and the subsequent taking of additional testimony or remand to the initial hearing officer for that purpose. The hearing officer at the final appeal took none of these steps in this case. We find the substitution of facts without notice of intent to make such an inquiry to be beyond the appellate powers of the final hearing officer.

See *Finch v. Caldwell,* 155 Ga. App. 813 (273 SE2d 216); *Long County Bd. of Ed. v. Owen,* 150 Ga. App. 245 (257 SE2d 212). The decision of the superior court denying judicial review and affirming the decision of the hearing officer at the final review is reversed and the case is remanded with direction to enter judgment for appellant, Ms. Fluker.

*Judgment reversed with direction. Shulman, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 25, 1982.

*William C. Thompson, Carolyn S. Weeks,* for appellant.

*Michael J. Bowers, Attorney General, Robert S. Stubbs II, Executive Assistant Attorney General, H. Perry Michael, Senior Assistant Attorney General, Thomas D. Watry, Mark H. Cohen, Carol Atha Cosgrove, Assistant Attorneys General,* for appellee.