## A91A0038. STATE OF GEORGIA v. HIGHTOWER.
(406 SE2d 117)

BEASLEY, Judge.

This appeal turns on the statutory provisions for remission of bond, OCGA § 17-6-72 (f).

On December 3, 1988, Hightower posted a $2,200 property bond for his son who had been arrested on traffic charges the day before. The defendant son waived arraignment on March 31, 1989, and signed a notice of return to a July 3, 1989, jury trial calendar. Defendant failed to appear on July 3 and a bench warrant issued for his arrest. On the same day, the court signed a bond forfeiture order, setting a hearing date for September 22. All parties were notified of the hearing date. On September 22, the court signed a judgment for $2,200 on the bond against surety Hightower. On that day, Hightower paid the entire judgment prior to a fi. fa. being issued.

Sometime after September 22, Hightower became aware of his son's whereabouts and substantially caused the son's apprehension. Defendant was arrested on October 26, 1989, and subsequently pled guilty to all charges on January 24, 1990.

On February 28, 158 days after he paid the judgment, Hightower filed a "Motion to Exonerate Bondsman After Forfeiture," asking that the order and judgment of forfeiture be set aside and the proceeds of the bond in full less costs be refunded. The court vacated and set aside the bond forfeiture order and judgment in entirety and directed that Hightower receive an 80 percent remission of the bond in the amount of $1,760.

The State asserts error in ordering any remission of the bond because more than 90 days had elapsed between payment of the judgment and the filing of the motion for remission, in contravention of OCGA § 17-6-72 (f). It further asserts that if remission was permissible, the court erred in the amount because the statute allows either 95 percent or 50 percent.

OCGA § 17-6-72 (f) provides that in cases other than when the surety who has not yet paid the judgment surrenders the principal to the sheriff within 90 days after judgment, the court shall order remission of bond under certain conditions "on application filed within 90 days from the payment of judgment." Subsection (f) (1) further provides only two possible amounts, 95 percent and 50 percent, which are to be refunded to the surety under differing circumstances.

The statute sets a limited time period for filing and measures it from the surety's payment of judgment on the bond rather than from the apprehension of the principal. This is required even when the principal is found and returned at some time beyond that period.

The statutory language is clear and unambiguous. "[T]he true test for the interpretation of a statute is not a judicial determination

of its desired result, but a determination of the intention of the legislature as it is expressed by the language of the statute." *Bauer Intl. Corp. v. Cagles, Inc.*, 225 Ga. 684, 686 (1) (171 SE2d 314) (1969).

Hightower suggests that the statute be construed so as to obviate the need for application within 90 days of judgment payment and to provide for judicial discretion as to the amount of remission. The Court is without authority to so construe this statute, much less disregard its clear and unambiguous language and ignore the time limit. See *Aldridge v. Federal Land Bank of Columbia*, 203 Ga. 285, 289 (1) (46 SE2d 578) (1948). "[C]ourts can not change laws; they can only interpret them." *Adams v. Powell*, 67 Ga. App. 460, 462 (21 SE2d 111) (1942). If the statute is flawed, it is up to the legislature to revise it.

Under OCGA § 17-6-72 (f) as written, Hightower was not entitled to any remission of the bond payment because he did not apply for it within 90 days of paying the judgment, as he could have done inasmuch as the principal had been apprehended with the surety's help 34 days after payment.

*Judgment reversed. Banke, P. J., and Carley, J., concur.*

DECIDED MAY 28, 1991.

*Patrick H. Head, Solicitor, B. Martin First, Beverly M. Hartung, Assistant Solicitors*, for appellant.
*Charles W. Lane*, for appellee.