A91A0203. FOREMAN v. CITY OF COLLEGE PARK.
(406 SE2d 261)

COOPER, Judge.

Appellant was convicted in a bench trial in College Park Municipal Court of public drunkenness and appealed his conviction by writ of certiorari to Fulton Superior Court. The superior court overruled and dismissed the petition finding substantial evidence to support the conviction. We granted appellant's application for discretionary appeal to consider his contentions that the conviction was contrary to the evidence and the trial court failed to consider all the evidence.

The evidence adduced at trial reveals that an anonymous call to the police reported that someone, possibly drunk, was urinating on the side of a road. Responding to the call, an officer observed appellant staggering on the sidewalk, and before he had an opportunity to ask appellant any questions, appellant said, "What are you f---ing with me for?" The officer testified that appellant's pants were unzipped, he appeared confused and unsteady on his feet, and there was a strong odor of alcohol on his breath and clothing. Appellant was arrested and taken to jail; however, no sobriety test was administered. During his booking at the jail, appellant informed officials that he was

diabetic and had already taken his prescribed quantity of insulin for the day. Two days following his arrest, appellant was released from jail and was transported by ambulance to the hospital. He was admitted to intensive care in severe diabetic coma. In his own defense, appellant testified only that he had not been drinking the evening of his arrest. Appellant also introduced a medical record of his hospitalization which he contends was not considered by the court because immediately after admitting the document, without reading the report, the trial court found appellant guilty and imposed a fine.

1. Appellant enumerates the general grounds. OCGA § 5-4-12 (b) provides that "the scope of superior court review in certiorari cases shall include a determination 'as to whether the judgment or ruling below was sustained by substantial evidence.'" *Smith v. Elder*, 174 Ga. App. 316 (1) (329 SE2d 511) (1985). After reviewing the evidence adduced at trial, it is apparent that there was substantial evidence to support appellant's conviction of public drunkenness beyond a reasonable doubt.

2. Appellant sought via the medical record to establish that at the time of his arrest he was suffering from insulin shock and was not intoxicated. He contends the trial court erred in failing to consider the medical record. A review of the trial transcript reveals that when appellant's counsel attempted to introduce the medical record, the trial court properly instructed counsel that a foundation needed to be laid prior to its introduction (see *Dennis v. Adcock*, 138 Ga. App. 425 (2) (226 SE2d 292) (1976)); however, after several unsuccessful attempts to explain the necessity of a foundation to counsel, the court admitted the document. The medical record indicated that at the time of his release from jail, two days after his arrest, appellant was in a severe diabetic coma, but appellant offered no evidence to demonstrate the relevance of his condition at that time to his condition at the time of his arrest. In our view, the trial court's failure to consider the medical record did not negate its adjudication of appellant's guilt beyond a reasonable doubt, based on the direct evidence provided by the arresting officer of appellant's condition at the relevant time — at his arrest, or the superior court's determination that the judgment was supported by substantial evidence; therefore, the superior court did not err in overruling and dismissing appellant's writ.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED MAY 31, 1991.

*Sonja L. Salo*, for appellant.
*George L. Barron, Jr., Glaze, Fincher, & Bray, George E. Glaze,*

*Laurel E. Henderson*, for appellee.