## A92A0181. PELIS v. LaPORTE et al.
### (418 SE2d 124)

BEASLEY, Judge.

Pelis is a former City of Atlanta police officer who was dismissed by the city Civil Service Board of which appellee LaPorte is chairman. Pelis was indicted for bribery and found not guilty by a superior court jury in September of 1989. However, the Atlanta Bureau of Police Services brought charges against him and he was dismissed for alleged violations of four employee work rules. On appeal the board

dismissed the first two charges including bribery, but upheld his dismissal for violations of the other two rules involving Transactions with Involved Persons and Conduct Bringing Discredit. The superior court on certiorari concluded, based upon the "any evidence" standard of review set forth in OCGA § 50-13-19 (h) (5), that the board's findings of fact were not clearly erroneous and therefore adopted them. Pelis enumerates as error the superior court's application of the "any evidence" standard of review rather than the "substantial evidence" standard. He urges further that proper application of the "substantial evidence" standard would have resulted in reversal of the board's decision, and that the order failed to provide findings of fact and conclusions of law as required.

The standard of review which is to be applied to the issues of fact in cases on writ of certiorari to the superior court is "whether the judgment or ruling below was sustained by substantial evidence." OCGA § 5-4-12 (b). This was affirmed in *Smith v. Elder*, 174 Ga. App. 316 (1) (329 SE2d 511) (1985). *Smith*, a whole court case, overruled earlier cases which had applied a lesser quantum test. See also *Foreman v. City of College Park*, 199 Ga. App. 827 (1) (406 SE2d 261) (1991). The superior court applied OCGA § 50-13-19, a part of the Administrative Procedure Act, but that governs judicial review of decisions of state agencies, not city boards. OCGA § 50-13-2 (1).

Inasmuch as the trial court should first perform its function using the proper standard of review, the case is remanded for reconsideration. *Graham v. Wilkes*, 188 Ga. App. 402 (373 SE2d 90) (1988). We decline to reach this question of law without the certiorari court having done so, see OCGA § 5-5-14 (b), and for this reason do not address appellant's second enumeration.

Reversal of the judgment renders the third enumeration moot.

*Judgment reversed and case remanded with direction. Birdsong, P. J., and Andrews, J., concur.*

DECIDED APRIL 8, 1992.

*McKenney & Froelich, William J. McKenney,* for appellant. *Malcolm J. Hall,* for appellees.