S95Y1291. IN THE MATTER OF STEPHEN T. KENNEDY.

(466 SE2d 1)

PER CURIAM.

This disciplinary proceeding is based upon allegations that in two separate transactions, the Respondent, Stephen T. Kennedy, paid re-

ferral fees to "runners" in exchange for the procurement of clients, in violation of Standards 3, 4, 13 (b) and 16 of Bar Rule 4-102 (d). The allegations against Kennedy stem from an undercover investigation conducted by the State Commissioner of Insurance, in cooperation with an Atlanta television station. Of particular concern to this proceeding is (1) the requirement that a lawyer be adequately notified of the subject matter of a disciplinary proceeding against him, and (2) the availability of the entrapment defense in disciplinary proceedings. As explained below, we find that Kennedy did not receive adequate notice that a particular transaction would be a subject of the disciplinary proceeding against him. For that reason, we affirm the special master's dismissal of those charges against Kennedy that were based upon that particular transaction. However, we also find that the defense of entrapment is not available to Kennedy, and generally is not available in disciplinary proceedings. Accordingly, we reject the review panel's recommendation that the remaining charges against Kennedy be dismissed. Finally, we find that the special master's entry of summary judgment in favor of the State Bar was improper. We therefore remand this matter with direction.

The Enforcement Unit of the Office of the Commissioner of Insurance for the State of Georgia, in cooperation with television station WAGA, conducted a "sting" operation in which Kennedy was videotaped allegedly paying referral fees to two separate "runners" who had referred him to two different clients. Both of the "runners" and clients were Insurance Department employees or individuals cooperating with the Insurance Department, posing as characters in fictitious accident scenarios. The charges against Kennedy relate to two wholly separate transactions, portions of which were broadcasted by the television station. The special master's findings reveal that only the first of those two transactions involved the referral of a client who specifically claimed to have been injured in an automobile accident.

The State Bar's Notice of Investigation, which was issued on June 4, 1993, informed Kennedy that an investigation was being conducted into his conduct depicted in the televised videotape, in which he paid "*an* individual for recommending and bringing a victim of *an automobile accident* to . . . Kennedy which resulted in [his] employment by *the* accident victim." (Emphasis supplied.) On October 26, 1993, following the probable cause investigation, the State Bar issued a Formal Complaint against Kennedy, in which it alleged that in two separate transactions Kennedy had paid two different individuals for recommending and bringing two different personal injury claimants to Kennedy, resulting in his employment by the two claimants.

No hearing was held on the Formal Complaint. On the parties' cross-motions for summary judgment, the special master concluded that the Notice of Investigation had failed to provide Kennedy with

adequate notice that the second transaction would be a subject of the disciplinary proceeding against Kennedy, and granted Kennedy's motion to dismiss the portions of the Formal Complaint premised upon that second transaction. The special master also found that Kennedy could not avail himself of an entrapment defense in answering the charges of the Formal Complaint premised upon the first transaction. Concluding that Kennedy had failed to show the existence of a genuine issue of material fact regarding his conduct during the first transaction, the special master granted summary judgment in favor of the State Bar on the charges that Kennedy's conduct during that first transaction violated Standards 3, 13 (b), and 16. The special master also rejected Kennedy's Petition for Voluntary Discipline, in which he conditionally admitted violating Standard 13 (b), and had requested a public reprimand as an appropriate discipline.

The review panel rejected the special master's report. Even though no hearing was held in this matter, the panel found that the testimony of witnesses against Kennedy was not credible, and that the only credible evidence against Kennedy was "the fruit of his entrapment." Based upon these findings, and its conclusion that the State Bar had not satisfied its burden in asserting its claims, the panel recommended that the charges against Kennedy be dismissed.

1. We reject the review panel's conclusion that Kennedy may avail himself of entrapment as a defense in this proceeding. Bar Rule 4-221 (e) (2) states that in all Part IV disciplinary proceedings, "the procedures and rules of evidence applicable *to civil cases* under the law in Georgia shall apply." Entrapment in Georgia is codified as a *criminal* defense, and thus is not available under the procedures governing civil cases. See OCGA § 16-3-25. Moreover, as a rule, the entrapment defense does not rest on constitutional grounds. *United States v. Russell*, 411 U. S. 423 (93 SC 1637, 36 LE2d 366) (1973); *State v. Royal*, 247 Ga. 309 (275 SE2d 646) (1981). Accordingly, we find that the entrapment defense generally is not available to a Respondent in an attorney disciplinary proceeding, such as Kennedy.[1]

Moreover, we note that the essential elements of an entrapment defense render it incompatible with the nature of a disciplinary proceeding. In order to establish an entrapment defense, one must show that (1) the idea and intention of the violation originated with a State agent; (2) the criminal act was induced by the agent's undue persuasion, incitement, or deceit; and (3) the claimant was not predisposed to commit the violation. *Royal*, supra. Attorneys are required to know

---

[1] To the extent that the Court of Appeals ruled otherwise in Division 2 of *Schaffer v. State Bd. of Veterinary Medicine*, 143 Ga. App. 68 (237 SE2d 510) (1977) (holding that the Respondent in a license revocation proceeding under the Georgia Veterinary Practice Act could proffer an entrapment defense), it is hereby overruled.

and understand the ethical canons and directory rules which dictate their professional conduct, and to govern themselves accordingly. This affirmative obligation is entirely inconsistent with the implementation of criminal intent in the mind of an innocent person, as contemplated by the essential elements of an entrapment defense. See *In re Porcelli*, 397 NE2d 830, 832 (Ill. 1979); see also Annotation: Entrapment as a Defense in Proceedings to Revoke or Suspend License to Practice Law or Medicine, 61 ALR3d 357 (1975 and Supp. 1995).[2] Accordingly, the review panel erred in determining that Kennedy could assert the defense of entrapment.

2. Regarding the issue of notice, we agree with the special master that the State Bar cannot, in this proceeding, seek discipline against Kennedy for the second transaction alleged in the Formal Complaint. It is undisputed that the Notice of Investigation and Grievance alleged facts only relating to the first transaction, and that the State Bar did not give notice regarding the allegations based on the second transaction until it filed and served Kennedy with the Formal Complaint some months later.

We find that by failing to inform Kennedy of its reliance upon the second transaction until the issuance of the Formal Complaint, the State Bar impermissibly bypassed the requirement that there be a probable cause determination made by the Investigative Panel before such issuance, as contemplated by the Disciplinary Rules. See Rules 4-202, 4-203, 4-201.1, 4-204.3, and 4-204.4. The State Bar attempts to analogize the Notice of Investigation and subsequent finding of probable cause by the Investigative Panel under the Bar Rules to a criminal proceeding, whereby certain defects are rendered moot by the finding of probable cause. However, we agree with the special master that the Bar Rules contemplate notice of the basis of charges not only for probable cause purposes, but also (unlike in criminal cases) to provide the Respondent with ample opportunity to specifically address all of those charges.[3] This process also allows for the possibility of confidential discipline under Rule 4-205, and for a petition for voluntary discipline, at an early stage in the proceedings. Accordingly, we agree with the special master and order the dismissal of the following portions of the Formal Complaint against Kennedy relating to the second transaction described in the Complaint — Count II in its entirety; Count III, Paragraph 60; Count IV, Paragraph 66; and Count

---

[2] We do not resolve here and leave open the question of whether an attorney subject to disciplinary action as a result of a criminal prosecution at which an entrapment defense is asserted may avail himself of that same defense in the disciplinary proceeding.

[3] See Bar Rule 4-204.1 (b) ("The Notice of Investigation shall accord the respondent reasonable notice of the charges against him and a reasonable opportunity to respond to the charges in writing. . . ."); Bar Rule 4-204.3 (b) ("The [Respondent's] written response must address specifically all of the issues set forth in the Notice of Investigation.").

I, Paragraph 51.[4]

3. We disagree with the special master that the State Bar was entitled to summary judgment regarding the violations that are alleged pertaining to the first transaction. As noted, there has been no evidentiary hearing in this matter. Although the record includes several depositions, affidavits, and various admissions, and although the evidence appears to be strongly against Kennedy, the special master's report leaves unresolved material questions of fact, which make granting of summary judgment improper in this proceeding. These include, but are not necessarily limited to, whether the money paid to the "runner" was, in fact, a referral fee. Accordingly, the proceedings with regard to the first incident alleged in the Formal Complaint are remanded to the review panel, with instruction to remand to the special master for an evidentiary hearing or other proceedings which will establish whether the evidence supports the Bar's allegations.[5]

*Review Panel Report rejected and remanded with direction. All the Justices concur.*

DECIDED JANUARY 8, 1996 —
RECONSIDERATION DENIED FEBRUARY 16, 1996.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar,* for State Bar of Georgia.
*James E. Spence, Jr.,* for Kennedy.

---

[4] We disagree with Kennedy's argument that this dismissal must be with prejudice. The State Bar may proceed against Kennedy regarding the second transaction, provided that it is not otherwise barred by Bar Rule 4-222, and so long as the Bar affords Kennedy proper notice under the Bar Rules.

[5] We find no merit in Kennedy's remaining challenges to Standard 13 (b) and to OCGA § 33-24-53.