## A96A1980. OSBORNE BONDING & SURETY COMPANY v. STATE OF GEORGIA.
### (481 SE2d 578)

SMITH, Judge.

Osborne Bonding & Surety Company appeals from the trial court's denial of its "Motion for Refund of Surety Fees," seeking remission of a portion of a forfeited bail bond under the version of OCGA § 17-6-72 (d) (1) in effect at the time.[1] That subsection then provided that, under certain circumstances not disputed here, the "court shall direct remission of 95 percent of the bond amount remitted to the surety if the surety locates the principal causing the return of the principal to the jurisdiction where the bond was made, apprehends, surrenders, or produces the principal, if the apprehension or surrender of the principal was substantially procured or caused by the surety, or if the location of the principal by the surety causes the adjudication of the principal in the jurisdiction in which the bond was made."

The parties stipulated to the facts surrounding the apprehension of the principal, Walker. On September 13, 1995, Osborne's bail bond was forfeited for Walker's failure to appear in Clayton County. Osborne's investigator made inquiries at Walker's residence in California and learned he had moved back to south Georgia. In February 1996, during a routine traffic stop in Dougherty County, Georgia, Walker was arrested on Osborne's warrant. Before the arrest, Osborne's investigator had notified a Clayton County sheriff's officer that Walker was in south Georgia. Walker was extradited to Clayton County after his arrest, although not on Osborne's warrant.

The trial court concluded that Osborne did not meet any of the requirements of the statute because it did not locate Walker; cause his return to the jurisdiction; apprehend, surrender, or procure him; or substantially procure or cause his apprehension. The trial court accordingly denied Osborne's motion.

Osborne contends that it "substantially procured or caused" Walker's apprehension by means of its outstanding warrant and its telephone call, which together caused Clayton County to be notified of Walker's arrest in another county. But for its warrant and call, Osborne argues, Dougherty County authorities would have remained ignorant of the pending charges against Walker, and Clayton County authorities would not have learned of Walker's arrest in Dougherty County. The State of Georgia, on the other hand, contends that

---

[1] OCGA § 17-6-72 was substantially revised in 1992 and further revised as of July 1996. Ga. L. 1992, p. 2933, § 4; Ga. L. 1996, p. 1233, § 3. All events at issue here, from the making of the bond to the trial court's order denying Osborne's motion for refund, occurred while the 1992 revision was in effect.

"apprehension" is synonymous with "arrest," that Walker was "apprehended" as soon as he was arrested in Dougherty County, and that Osborne's call to the Clayton County authorities could not constitute a second arrest or substantially cause an arrest which had already taken place.

In determining the meaning of "substantially procured or caused" the principal's "apprehension or surrender" under OCGA § 17-6-72 (d) (1), we must consider the rules of statutory construction. Words must be given their plain and ordinary meaning, except for words which are terms of art or have a particular meaning in a specific context. OCGA § 1-3-1 (b). We must seek to effectuate the intent of the legislature, OCGA § 1-3-1 (a), and to give each part of the statute meaning and avoid constructions that make some language mere surplusage. *Moritz v. Orkin Exterminating Co.*, 215 Ga. App. 255, 256-257 (450 SE2d 233) (1994). All parts of a statute should be harmonized and given sensible and intelligent effect, because it is not presumed that the legislature intended to enact meaningless language. *Gilbert v. Richardson*, 264 Ga. 744, 747-748 (3) (452 SE2d 476) (1994).

We must also consider that "[r]ecognizances are construed strictly in favor of the surety." *JAM Bonding Co. v. State of Ga.*, 179 Ga. App. 82, 83 (345 SE2d 87) (1986). Moreover, OCGA § 17-6-72 is a remedial statute, *Stitt v. Busbee*, 136 Ga. App. 44, 45 (220 SE2d 59) (1975), and must therefore be construed in favor of the surety. *Huddleston Concrete Co. v. Safeco Ins. Co. &c.*, 186 Ga. App. 531, 533 (1) (368 SE2d 117) (1988) (materialman's bond).

While "arrest" and "apprehension" are very similar in meaning, we must conclude that the legislature meant to establish some distinction, because the term "arrest" is also used in this Code section. It appears from the context that the legislature uses "arrest" to refer to the actions of the State in detaining or confining an individual, see OCGA § 17-6-72 (b), while using the terms "apprehend," "surrender," and "produce" to refer to the activities of the surety in recovering the principal, see former OCGA § 17-6-72 (f). This distinction is supported by Black's Law Dictionary (6th ed. 1990), which defines "arrest" as "[t]o deprive a person of his liberty by legal authority" and "apprehend" as "[t]o take hold of, whether with the mind . . . or actually and bodily (as to seize *or* arrest a person)." (Emphasis supplied.)

We conclude that the more general term of "apprehension" is not limited in meaning to an arrest by law enforcement authorities. Osborne could therefore rely on an "apprehension" subsequent to an arrest in another jurisdiction, so long as Osborne's actions "substantially procured or caused" the apprehension. "Substantially" means "[e]ssentially; without material qualification; in the main; in substance; materially; in a substantial manner," while "substantial"

means "[o]f real worth and importance; of considerable value; valuable. Belonging to substance; actually existing; real; not seeming or imaginary; not illusive; solid; true; veritable." Black's Law Dictionary (6th ed. 1990).

This Court has recognized that law enforcement authorities cannot be charged with the knowledge of all arrests of individuals taking place within the state. The law "does not require an omniscient state. It would be unrealistic, considering the sheer number of defendants and various courts within the state, to require that the State be aware in every instance that a defendant it holds in one place is wanted on an unrelated charge elsewhere in the State." *Northeast Atlanta Surety Co. v. State of Ga.*, 197 Ga. App. 399, 401-402 (398 SE2d 435) (1990). (State did not knowingly prevent surety from producing defendant under OCGA § 17-6-72 (d) by confining him elsewhere on unrelated charge.)

Similarly, an "apprehension" for the purposes of Clayton County authorities does not necessarily occur when an individual is "arrested" in Dougherty County, unless the two jurisdictions are made aware of the identity of the individual and the existence of an outstanding warrant. This would seem particularly true where, as here, the defendant was using at least two false names. In the absence of any evidence from the State to contradict Osborne's showing that its efforts made both jurisdictions aware of Walker's status and identity, we conclude that Osborne's actions substantially procured or caused Walker's apprehension and resulted in his return to Clayton County.

The State points to the 1996 revision of OCGA § 17-6-72 (d) (1), which changed the language "if the surety locates the principal causing the return of the principal to the jurisdiction where the bond was made" to "if the surety locates the principal in the custody of the sheriff in the jurisdiction where the bond was made or in another jurisdiction causing the return of the principal to the jurisdiction where the bond was made." This change, the State contends, creates an inference that the legislature prior to the change did not consider "apprehension" to include location of the principal in another jurisdiction. While this amended language could be construed to include the facts at issue here, Osborne does not rely on that part of the language of subsection (d) (1), either before or after its revision. It is true that new language added to a statute can create an inference that the statute did not previously contemplate that subject. *Collins v. American Tel. &c. Co.*, 219 Ga. App. 196, 199 (4) (464 SE2d 642) (1995). The change in language here, however, does not indicate an intention to change the meaning of "substantially procured or caused" a principal's "apprehension or surrender," terms which remain unchanged in the revised statute. Moreover, the legislature

may clarify or " 'make explicit that which the statutory provision had previously made only implicit.' " *Garel v. Ga. Insurers' Insolvency Pool*, 191 Ga. App. 572, 573 (382 SE2d 400) (1989); see also *North Fulton Community Hosp. v. State Health Planning &c.*, 168 Ga. App. 801, 804 (2) (310 SE2d 764) (1983).

For these reasons, we conclude that the trial court erred in refusing remission of Osborne's bond as provided by OCGA § 17-6-72 (d) (1).

*Judgment reversed. Andrews, C. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED FEBRUARY 12, 1997.

*Stephen E. Boswell, Steven C. Teske*, for appellant.

*Robert E. Keller, District Attorney, David B. Hornsby, Assistant District Attorney*, for appellee.