A97A1364. CITY OF ATLANTA GOVERNMENT v. SMITH.
(493 SE2d 51)

BLACKBURN, Judge.

Following his dismissal as a City of Atlanta police officer, Randolph Smith appealed to the city's Civil Service Board (the Board), which conducted an evidentiary hearing and affirmed the dismissal. On writ of certiorari, the superior court reversed the Board and ordered Smith reinstated with back pay, and the city appeals this ruling. For the reasons discussed below, we reverse the superior court's ruling and uphold the decision of the Board.

The basic facts of this case are not disputed. On February 21, 1991, responding to a tip from an informant, Smith arrested an individual for possession of cocaine and confiscated $233 in cash. Smith gave $120 of the confiscated money to the informant and filed an arrest report stating that he had confiscated only $113. The individual arrested by Smith turned out to be an undercover officer working with the informant on a sting operation for the Atlanta Police

Department.

Smith was terminated for violating work rules by wrongfully paying confiscated money to the informant and filing a false report. In his appeal to the Board, Smith's primary contention was that he was entrapped by the city. The Board did not address the merits of this claim, but held that, since the proceeding was not a criminal proceeding, entrapment was not a valid defense. The superior court reversed the Board on three grounds. First, the court found that Smith was in fact entrapped. Second, the court found that the city's behavior was so outrageous that due process principles barred it from disciplining Smith. Finally, the court found that the city violated Smith's due process rights by failing to hold a post-termination hearing within a meaningful time.

1. The appropriate standard to be applied by the superior court in reviewing on certiorari a decision of an inferior tribunal such as the Board is statutorily controlled. The relevant statute, OCGA § 5-4-12 (b), provides that "[t]he scope of review shall be limited to all errors of law and determination as to whether the judgment or ruling below was sustained by substantial evidence." In *Smith v. Elder*, 174 Ga. App. 316 (1) (329 SE2d 511) (1985), this Court drew a distinction between the "substantial evidence" and the "any evidence" standards and held that the statute required application of a substantial evidence standard of review. In so doing, we overruled a line of cases holding that the appropriate standard of review to be applied by the superior court on certiorari was the any evidence standard. Id.

Following the decision in *Elder*, however, our Supreme Court held that "in Georgia the substantial-evidence standard is effectively the same as the any-evidence standard." *Emory Univ. v. Levitas*, 260 Ga. 894, 897 (1) (401 SE2d 691) (1991). Notwithstanding this holding, this Court in *Pelis v. LaPorte*, 203 Ga. App. 850, 851 (418 SE2d 124) (1992), again held that it was error for the superior court on writ of certiorari to apply the any evidence standard of review rather than the substantial evidence standard.

As *Pelis* and *Elder* are inconsistent with the Supreme Court's recognition in *Levitas* that "the substantial-evidence standard is effectively the same as the any-evidence standard," such cases are hereby overruled to the extent they recognize a difference in the two standards. The appropriate standard of review to be applied to issues of fact on writ of certiorari to the superior court is whether the decision below was supported by any evidence. On appeal to this Court, "our duty is not to review whether the record supports the superior court's decision but whether the record supports the initial decision of the local governing body or administrative agency." *Levitas*, supra at 898 (1).

2. The city contends the superior court erred in finding that

Smith was entrapped, arguing that entrapment is not a valid defense in a proceeding before the Board. This issue has previously been addressed by both this Court and by our Supreme Court.

In *Schaffer v. State Bd. of Veterinary Medicine*, 143 Ga. App. 68, 72 (2) (237 SE2d 510) (1977), this Court held that the entrapment defense, which is generally limited to a defense in a criminal proceeding, is available in an administrative hearing where a professional licensee is facing charges which could result in the *loss of such licensee's right to engage in that profession*.

Our Supreme Court held in *In the Matter of Kennedy*, 266 Ga. 249 (466 SE2d 1) (1996) that the exception to the general rule that entrapment is a criminal defense only, established in *Schaffer*, had no application in a disciplinary proceeding involving one category of professional, that being an attorney. The court noted that a bar rule provided that "the procedures and rules of evidence applicable *to civil cases* under the law in Georgia shall apply" to attorney disciplinary proceedings. (Punctuation omitted; emphasis in original.) Id. at 251 (1). Since entrapment was not a defense available in civil cases, the court held that it was not available in attorney disciplinary proceedings. Id.

*Schaffer* requires no different result in the present situation. Smith was not deprived herein of a license to engage in a given profession, but was rather terminated from a particular job. While an individual terminated from a job for wrongful conduct may as a practical matter find it difficult to obtain other employment within the same line of work, he is not in fact deprived by the government of the *right* to engage in such work. Thus, this case falls under the general rule that entrapment is not available in a civil proceeding. Therefore, the Board correctly held that entrapment is not an available defense under the facts of this case, and the superior court erred in holding otherwise.

3. In addition to finding that Smith was entrapped, the superior court, relying on dicta in *United States v. Russell*, 411 U. S. 423 (93 SC 1637, 36 LE2d 366) (1973), held that the city's behavior was so outrageous that due process principles precluded the city from disciplining Smith. In *Russell*, the United States Supreme Court held that the defense of entrapment was predicated upon the defendant's predisposition to commit the crime, and not on the government's degree of involvement with the crime. However, the Court stated in dicta that "we may some day be presented with a situation in which the conduct of law enforcement agents is so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction." Id. at 431-432.

Smith raised this issue before the Board, and although the Board did not specifically address the issue in its written order, it

implicitly rejected Smith's argument by upholding his termination. As discussed above, we are required to reverse the superior court if there was any evidence to support the Board's decision. See *Levitas,* supra. The Board's decision was clearly supported by some evidence. The evidence shows that the Atlanta Police Department, in response to a tip from an informant that an officer was paying confiscated drug money to the informant, set up a sting operation to catch the officer. The police arranged for an undercover officer to pose as a drug dealer and for the informant to notify Smith of the location of the dealer. The informant contacted Smith on his pager on more than one occasion to encourage him to arrest the drug dealer. Although the evidence is somewhat conflicting regarding the number of times the informant contacted Smith the day of the arrest, there is no evidence that he did more than inform Smith of the dealer's location and encourage him to hurry to the scene. There is no evidence that the informant during these conversations encouraged Smith to file a false arrest report. Accordingly, not only was there evidence to support the Board's decision, the evidence clearly shows that "[t]he law enforcement conduct here stops far short of violating that fundamental fairness, shocking to the universal sense of justice, mandated by the Due Process Clause of the Fifth Amendment." (Punctuation omitted.) *Russell,* supra at 432. Accordingly, the superior court erred in finding that the city was barred from disciplining Smith by its outrageous behavior.

4. The city contends the superior court erred in holding that Smith's due process rights were violated by the failure to hold a timely post-termination hearing, noting that this issue was not raised in the hearing before the Board. "Where constitutional issues are raised for the first time in the superior court on certiorari from a judgment of an inferior tribunal, the superior court cannot consider, nor can this court review, the constitutional questions thus sought to be made." *Jones v. Mayor &c. of Athens,* 105 Ga. App. 86, 90-91 (123 SE2d 420) (1961). Accordingly, the superior court erred in considering this issue.

*Judgment reversed. Andrews, C. J., McMurray, P. J., Birdsong, P. J., Johnson and Eldridge, JJ., concur. Pope, P. J., Beasley, Smith and Ruffin, JJ., concur specially.*

BEASLEY, Judge, concurring specially.

I must concur because of the Supreme Court of Georgia's pronouncement in *Emory Univ. v. Levitas,* 260 Ga. 894 (401 SE2d 691) (1991), that "substantial," as the word is used in OCGA § 50-13-19 (h) (5), means "any." In applying the standard, it also equates "substantial" and "any" with "some." Id. at 899. Thus, OCGA § 50-13-19 (h) (5) can be read: "Clearly erroneous in view of *any* reliable, probative evi-

dence on the whole record," as well as "clearly erroneous in view of the reliable, probative, and *substantial* evidence on the whole record."

Like OCGA § 50-13-19 (h) (5), which governs superior court review of agency decisions under the Administrative Procedure Act, OCGA § 5-4-12 (b) states: "The scope of review shall be limited to all errors of law and determination as to whether the judgment or ruling below was sustained by substantial evidence." This statute, which governs the superior court review on writ of certiorari to an inferior judicatory or person exercising judicial powers (see OCGA § 5-4-3), applies in this case.

Due to the decision in *Levitas*, the distinction drawn in the separate opinion in *Smith v. Elder*, 174 Ga. App. 316, 317-319 (329 SE2d 511) (1985), between "any" evidence and "substantial" evidence is not given legal status in Georgia. It should be otherwise. I would agree with Justice Hunt's dissent on this point in the *Levitas* case and with the dissent of Justice Hall in *Hall v. Ault*, 240 Ga. 585, 587-588 (242 SE2d 101) (1978). They view the substantial evidence test as providing a broader scope of review than the any evidence test.

The two words have different meanings, and words must be given their plain and ordinary meaning, except for words which are terms of art or have a particular meaning in a specific context. OCGA § 1-3-1 (b). See *Osborne Bonding &c. Co. v. State of Ga.*, 224 Ga. App. 590, 591 (481 SE2d 578) (1997). The courts are obliged to construe the legislative intendment in the context of their use in the statutes. OCGA § 1-3-1 (a). See *Bibb County v. Hancock*, 211 Ga. 429, 440 (2) (86 SE2d 511) (1955) (the words of a statute are always to be construed in connection with their context); OCGA § 1-3-1 (a). It is not a matter of higher courts appropriating to themselves a greater degree of oversight over lower judicatories but rather a matter of fulfilling their proper role as assigned by the law, an allocation made by the legislature of the scope of review desired.

As to common meaning, according to Webster's Third International Dictionary, when the term "any" is used as an adjective as it is here, it means "to any extent, in any degree, at all." And the term "substantial," when used as an adjective, means, among other ways of putting it, "considerable in amount, value, or worth; having a solid or firm foundation; soundly based; carrying weight." The American Heritage Dictionary (2nd college ed.) defines "any" as "one or some, regardless of kind, quantity, or number" and "substantial" as "considerable in importance, value, degree, amount, or extent." There is a difference in plain English.

In ruling as it did in *Levitas*, the Supreme Court depended on the rationale in *Dept. of Human Resources v. Montgomery*, 248 Ga. 465, 466 (1) (284 SE2d 263) (1981), but in *Montgomery* the court

equated "substantial evidence" with "any evidence" merely because in Georgia the standard used to review the grant or denial of a directed verdict is the latter. It created the following syllogism: The United States Supreme Court held that substantial evidence is the same amount as would justify refusal to direct a verdict;[1] the standard in Georgia used to review the grant or denial of a directed verdict is the any evidence test; therefore "substantial evidence" as used by the Georgia legislature in Code Ann. § 89-1717 (b) (5) (now OCGA § 45-19-39 (b) (5)) means "any evidence."

According to *Montgomery*, the same holds true for OCGA §§ 45-20-9 and 50-13-19. The same must be said for OCGA § 5-4-12 (b), which is couched in identical wording.

Consequently, I am compelled to concur.

It should be noted that in *Illinois v. Gates*, 462 U. S. 213, 236 (103 SC 2317, 76 LE2d 527) (1983), the Supreme Court held that the proper standard for testing if a magistrate validly issued a search warrant is to assume that the magistrate had a " 'substantial basis for . . . conclud(ing)' " that probable cause existed. The court identified and discussed the strength of the indicia of the basis and never used the word "any" as a synonym. This Court applies that standard. See, e.g., *Brown v. State*, 190 Ga. App. 324, 326 (2) (378 SE2d 908) (1989).

Compare the Georgia test for review of trial court rulings on motions to suppress: fact findings should not be disturbed " 'if there is any evidence to support [them].' " *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994); *Edwards v. State*, 219 Ga. App. 239, 244 (3) (464 SE2d 851) (1995). This Court has also used a "substantial basis" test for the same review purpose. See, e.g., *Raulerson v. State*, 223 Ga. App. 556, 557 (2) (479 SE2d 386) (1996).

I am authorized to state that Presiding Judge Pope, Judge Smith and Judge Ruffin join in this special concurrence.

DECIDED OCTOBER 21, 1997.

*Clifford E. Hardwick IV, Overtis H. Brantley, Lisa S. Morchower*, for appellant.
*Brenda A. Raspberry*, for appellee.

---

[1] *Consolo v. Fed. Maritime Comm.*, 383 U. S. 607, 620 (86 SC 1018, 16 LE2d 131) (1966), which interpreted the Federal Administrative Procedure Act's use of "substantial evidence" as meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. at 620.